David Levy, J.
This is a suit by plaintiff for first-party benefits claimed to be due to him under a policy issued by defendant in accordance with article XVIII of the Insurance Law, "Comprehensive Automobile Insurance Reparations Act”, or more commonly known as the "No-Fault” law. The plaintiff sues for his basic economic loss consisting of lost earnings pursuant to section 671 et seq. of the Insurance Law. (His medical bills have already been paid.) In addition, plaintiff claims he is entitled to reasonable attorney’s fees and interest at 2% per month from June 6, 1974 to date. Plaintiff *1073 has chosen a trial by the court in lieu of arbitration. Accordingly, this case was tried by the court without a jury.
Plaintiff claims that on February 23, 1974 he was the owner and operator of a private livery vehicle and that he was injured in an intersection collision between his vehicle and that of another. Plaintiff claims he has been unable to work as a cab driver since the accident and claims lost earnings to date.
On or about May 6, 1974 plaintiff submitted to Buffalo Insurance Company an application for benefits — personal injury protection. He stated that he lost wages or salary to that date of approximately $2,000 and that his average weekly wage was $200 per week.
On August 22, 1974 plaintiff’s attorney called Royal Claim Service Inc. (the representative of Buffalo Insurance Company) and spoke to a Mr. Vella. On August 23, 1974 Mr. Vella called the attorney and asked him to send in a diary, if there was one. On August 20, 1974 Mrs. Dórica called the attorney and stated that she wanted verification of plaintiff’s employment, including self-employment tax returns and quarterly statements. On September 5, 1974 the attorney mailed to Royal Claims Service Inc. the diary, introduced in evidence, ostensibly showing plaintiff’s earnings from December 31, 1973 to February 23, 1974, the date of the accident.
On October 14, 1974 Mrs. Dórica wrote to the attorney and again requested a copy of the quarterly tax returns and the date he returned to work. The attorney called Mr. Vella on October 15 or 16, 1974 and told him, "The return for 1973 doesn’t exist.” He also told him that the date the plaintiff returned to work was not ascertainable since he had not returned to work. He also told Mr. Vella that plaintiff had not filed tax returns and that he had given Mr. Vella all the information he had. The summons in this action was served on or about October 24 or 25, 1974.
Plaintiff contends that since he filed his claim on May 6, 1974 that the defendant had 30 days in which to pay the claim or deny it. Since neither was done by June 6, 1974 plaintiff contends that the claim is deemed admitted and that he is entitled to reasonable attorney’s fees and interest from June 6, 1974 at 2% per month on the claim.
Defendant contends that the claim was not "proved” until October 15, 1974 when the attorney told the defendant that he had furnished all the information he had and that defendant *1074 then had 30 days from that date to admit or deny the claim. Since the action was commenced on or about October 24 or 25, 1974 the defendant did not have time to act upon the claim.
At the outset the initial question is when the proof of the fact and the amount of loss was submitted to the carrier. The statute, section 675 of the Insurance Law, provides:
"Payments of first party benefits shall be made as the loss is incurred. Such benefits are overdue if not paid within thirty days after the claimant supplies proof of the fact and amount of the loss sustained. * * * All overdue payments shall bear interest at the rate of two percent per month. The claimant shall also be entitled to recover his attorney’s reasonable fee if a valid claim * * * was overdue and such claim was not paid before the attorney was retained.” Section 65.6 of the regulations (11 NYCRR 65.6 [e]) implementing the act states: "(e) The 30 day rule. For the purposes of the 30 day period set forth in section 675 of the Insurance Law, a claim will be deemed to have been proven when the applicant satisfies the claims obligations reasonably specified by the insurer and has submitted the relevant claims forms the insurer has requested, provided such forms set forth all requested information that was reasonably available to the person completing the form.” Under the circumstances of this case the court finds that plaintiff has failed to sustain his burden of proof that the claim was proven on May 6, 1974 when the claim form was submitted, and the court finds that the claim was proven, if at all, on October 16, 1974 when, after numerous requests for tax returns, the plaintiff finally told the insurance carrier that he did not have such returns and that he had furnished all the employment information that he had. Since the action was begun on October 24 or- 25, 1974, 30 days had not elapsed and the insurer did not have a chance to respond. Therefore, the court finds that there shall be no interest or attorney’s fees.
Another claim made by the plaintiff should be set at rest also. Plaintiff contends that since more than 30 days had elapsed since the filing of the claim that the carrier is precluded from raising any defense in this action. This claim is based on subdivision (e) of section 65.6 of the regulations, and more particularly, the statement that a claim will be deemed to have been proven for purposes of the 30-day period when the applicant satisfies the claims obligations reasonably specified by the insurer.
*1075 If this regulation is read in conjunction with the statute it is clear that it means that the carrier must deny or pay the claim within 30 days of submission of proof or be liable for interest and attorney’s fees. It does not provide for preclusion of any defense.
Based on the testimony of the plaintiff and the two doctors presented at the trial the court finds that plaintiff was injured in an automobile accident, that he was disabled for a period of three weeks and that his reasonable compensation during that period would have been $450.
Findings of fact and conclusions of law having been waived the above decision constitutes the necessary findings of the court.
Accordingly, I direct that judgment be entered for the plaintiff for the sum of $450.