OPINION OF THE COURT
Jerome S. Medowar, J.
This is an action by plaintiff hospital as assignee of an injured party against a defendant insurer for payment of hospital expenses incurred by the injured party in accordance with article 18 of the Insurance Law (Comprehensive Automobile Reparations Act [known more commonly as the No-Fault Law]) as well as an action by plaintiff’s attorney individually against the defendant under said law for reasonable legal fees in connection with his efforts to collect such medical expenses.
This matter came up for trial before this court on December 3, 1982 at which time the parties stipulated to the underlying facts and this decision is based upon such facts.
Plaintiff hospital’s assignor was injured on March 5, 1981 and a claim for the sum of $2,556 was made of defendant on March 27, 1981. Payment was denied with a request for additional documentation. On April 23, 1981 the hospital requested a fee of $24 for the hospital records. *156 On the next day defendant paid the sum and the hospital contends the records were forwarded on May 6, 1981 thus completing all the claim requirements. The defendant failed to make payment by September 9, 1981 and this litigation was commenced. Issue was joined on November 12, 1981. During the interim and on October 12, 1981 defendant paid the hospital’s claim and on January 8,1982 paid an additional sum of $322.57 representing six months’ interest on the outstanding hospital bill.
The issue before this court is whether plaintiff hospital is entitled to reasonable attorney’s fees, and if it is, the extent of same. A subsidiary issue is whether plaintiff attorney as an individual has a cause of action for such reasonable attorney’s fees if they are found to be owing.
The following statutes and regulations are applicable to this matter: section 675 of the Insurance Law which in part provides:
“§ 675. Fair claims settlement
“1. Payments of first party benefits and additional first party benefits shall be made as the loss is incurred. Such benefits are overdue if not paid within thirty days after the claimant supplies proof of the fact and amount of loss sustained. If proof is not supplied as to the entire claim, the amount which is supported by proof is overdue if not paid within thirty days after such proof is supplied. All overdue payments shall bear interest at the rate of two percent per month. If a valid claim or portion thereof was overdue, the claimant shall also be entitled to recover his attorney’s reasonable fee, for services necessarily performed in connection with securing payment of the overdue claim, which shall be subject to limitations promulgated by the superintendent in regulations.
“2. Every insurer shall provide a claimant with the option of submitting any dispute involving the insurer’s liability to pay first party benefits, or additional first party benefits, the amount thereof or any other matter which may arise under subdivision one of this section to arbitration pursuant to simplified procedures to be promulgated or approved by the superintendent.”
The pertinent regulations which were implemented in accordance with the above statute’s mandate are as fol *157 lows: Insurance Superintendent regulations (11 NYCRR 65.15, 65.16):
11 NYCRR 65.15 sets forth the procedures for filing claims, the forms to be used, the time limitations to be observed, the various methods of calculating benefits for the injured party, and as pertains herein the circumstances when interest and reasonable attorney’s fees are payable, and that is when claims are overdue.
11 NYCRR 65.16 spells out the options available to a claimant for the prompt resolution of no-fault claims, as well as the various procedures, tribunals, and details for the determination of reasonable legal fees based upon the nature of the dispute.
The first issue to be resolved is whether the benefits were “overdue” and this court finds that they were. This is based upon the facts agreed to in the stipulation, namely, that the initial claim was made on March 27, 1981 but complete proof was not supplied until May 6, 1981 when the medical records were delivered to the defendant. The claim was paid October 12, 1981. Interest was paid January 8, 1982. There was the apparent acknowledgment of the defendant that said payment was overdue since defendant made a payment of six months’ interest. The court further determines that the payment of benefits and interest was made after the institution of suit and was the result of such suit, and accordingly plaintiff hospital as assignee of the injured party is entitled to recover reasonable attorney’s fees for services necessarily performed in connection with the securing payment of the overdue claim.
The next issue is the determination of what the reasonable attorney’s fee should be. It is plaintiff’s contention that it should be based upon quantum meruit or upon the actual necessary time and skill devoted to the recovery. Plaintiff’s attorney is an experienced practitioner who bills at the rate of $150 per hour and has expended 2OV2 hours for total charges of $3,075. It is the defendant’s contention that plaintiff is limited in its recovery of reasonable attorney’s fees by reason of 11 NYCRR 65.16 (c) (8) in the sum of $64.51 or 20% of the $322.57 which was paid as interest on overdue payments.
*158 Plaintiff’s response is that said regulation applies only to arbitration proceedings described in said regulation and has no applicability to lawsuits brought in court. His rationale for such position is the fact that the title of the regulation is: “Optional arbitration procedures under section 675(2) of the Insurance Law with respect to personal injuries sustained on and after December 1, 1977” and since title does not make reference to court proceedings or to plenary proceedings the regulation is inapplicable. In addition he points out that the eight-paragraph preamble in subdivision (a) likewise makes no reference to court or plenary proceedings and as such this is a confirmation that the regulation was not intended to regulate court proceedings or the within action in particular.
It is the determination of this court that plaintiff hospital’s recovery of its attorney’s fee for services rendered in this court action is governed and controlled by 11 NYCRR 65.16 (c) (8) notwithstanding the failure to note this limitation in the title or preamble of the regulation. As one cannot tell a book by its cover neither can one determine the provisions of a section of law by its heading or title. The statute or regulation must be read and studied to be understood and determinative of the rights of the parties. A preamble is an introduction to a statute and is no substitution for the statute itsélf. It has little or no weight of law unto itself.
We need only analyze 11 NYCRR 65.16 (c) to determine the rights of the parties in this action. Paragraphs (3) through (7) describe the type and make-up of various arbitration tribunals and the jurisdiction that each of these has. For example “A.A.A. expedited” is responsible for determining validity of an insurance policy; and “health service arbitration” is responsible for determining whether treatment was unnecéssary or excessive; and “Insurance department arbitration” has jurisdiction over matters similar to the instant one determining whether a claim is overdue and the correct amount of interest or attorney’s fees; and finally ordinary “A.A.A. arbitration” has jurisdiction of all other matters.
*159 Paragraph (8) sets forth the limitations on attorney’s fees pursuant to section 675 of the Insurance Law and same is set forth in full as follows:
“(8) Limitations on attorney’s fees pursuant to section 675 of the Insurance Law. The following limitations shall apply to the payment by insurers of applicant’s attorney’s fees for services necessarily performed in the resolution of no-fault disputes:
“(i) If an arbitration was initiated or a court action was commenced by an attorney on behalf of an applicant and the claim or portion thereof was not denied or overdue at the time the arbitration proceeding was initiated or the action was commenced, no attorney’s fees shall be granted.
“(ii) The minimum attorney’s fee payable pursuant to this Part shall be $40.
“(iii) Disputes subject to A.A.A. expedited arbitrations. Subject to the provisions of subparagraphs (i) and (ii) of this paragraph, an attorney’s fee shall be limited as follows:
“(a) for preparatory services relating to the arbitration forum or court, the attorney shall be entitled to receive a fee of up to $45 per hour, subject to a maximum fee of $900; and, in addition,
“(b) an attorney shall be entitled to receive a fee of up to $60 per hour for each personal appearance before the arbitrator or court.
“(iv) Disputes subject to H.S.A. arbitrations. Subject to the provisions of subparagraphs (i) and (ii) of this paragraph, an attorney’s fee shall be limited as follows: Except as provided in subparagraph (ii) of this paragraph, 20 percent of the amount of first-party benefits plus interest thereon, awarded by the arbitrator(s) or court subject to a maximum fee of $600.
“(v) Disputes subject to Insurance Department arbitrations. Subject to the provisions of subparagraphs (i) and (ii) of this paragraph, an attorney’s fee shall be 20 percent of the interest awarded by the arbitration subject to a maximum fee of $350.
*160 “(vi) Disputes subject to A.A.A. arbitrations: Subject to the provisions of subparagraphs (i) and (ii) of this paragraph, an attorney’s fee shall be limited as follows:
“(a) for preparatory services relating to the arbitration forum or court, the attorney shall be entitled to receive a fee of up to $30 per hour, subject to a maximum fee of $300; and, in addition,
“(b) an attorney shall be entitled to receive a fee of up to $50 per hour for each personal appearance before the arbitration forum or court;
“(c) however, except as provided in subparagraph (ii) of this paragraph, in no event shall the attorney’s fee exceed the amount of first-party benefits plus interest thereon awarded to the applicant.
“(vii) Notwithstanding the limitations listed in this paragraph, if the arbitrator(s) or a court determines that the issues in dispute were of such a novel and/or unique nature as to require extraordinary skills or services, the arbitrator(s) or court may award an attorney’s fee in excess of the limitations set forth in this paragraph. An excess fee award must describe in detail the specific novel and unique nature of the dispute which justifies the award. An excess award by an arbitrator shall be appealable to a master arbitrator.
“(viii) If a dispute involving an overdue or denied claim is resolved either before arbitration is initiated or before a court action is commenced, the claimant’s attorney shall be entitled to a fee of $40 which shall be full compensation from the insurer for the attorney’s services with respect to such claim.
“(ix) If a dispute involved an overdue or denied claim is resolved by the parties after it has been forwarded by the Insurance Department to the appropriate arbitration forum or after a court action has been commenced, the claimant’s attorney shall be entitled to a fee which shall be computed in accordance with the limitations set forth in this paragraph.
“(x) No attorney shall demand, request or receive from the insurer any payment of fee in excess of the fees permitted by this paragraph.” (Emphasis supplied.)
*161 It is very clear from the language of this provision that it applies to either arbitration proceedings or actions brought in courts of law. Clause (ix) of paragraph (8) clearly and unequivocally provides that in disputes such as the one in the instant matter where the overdue claim was resolved after “a court action has been commenced”, the “claimant’s” attorney’s fee is limited by this regulation in the determination of such maximum legal fees.
Supreme Court, Special Term, New York County, has reviewed this regulation in considerable detail and came to the following conclusion: “since there is no common law or statutory right to recover legal fees, the application of the attorney fee schedules to matters reached in court is seen as consistent with Insurance Law Section 675 which authorized the regulations without limiting their applicability to arbitration proceedings.”
To determine the actual fee to which the attorney is entitled we turn to clause (v) of paragraph (8) which discusses the nature of a particular dispute for which attorney’s fees are to be calculated. This provision speaks of “Disputes subject to Insurance Department arbitrations” for which an attorney’s fee shall be 20% of the interest awarded by the arbitrator subject to a maximum fee of $350. This court notes that the regulation fails to state explicitly the concept of interest being fixed by the court or determined voluntarily by the parties, but such language is implicit in the regulation itself. Accordingly, interest having been established as $322.57, 20% amounts to $64.51 and that is the fee to which plaintiff hospital is entitled, subject to the following.
These applications for attorney’s fees are coming before the courts more frequently lately, however, little has been written on the subject and there has been considerable debate as to whether the Insurance Superintendent’s regulations control or whether the attorney’s fees should be calculated on the basis of quantum meruit. The other issue to be resolved is whether the attorney personally has a cause of action to recover such fees. The attorneys in this matter were asked by the court to help resolve this controversial question and extensive briefs have been prepared by both attorneys for which the court is most appreciative.
*162 The briefs required considerable research and study as well as a great deal of effort on .the part of plaintiff attorney to persuade the court of his point of view and although the court is not convinced of its correctness, the specific issue is of such a novel and unique nature as to require obviously extraordinary skills and accordingly this court awards plaintiff the additional sum of $750 in excess of the limitations set forth in the regulations all in accordance with clause (vii) of paragraph (8) of said regulation. The total sums due plaintiff on account of attorney’s fees is $814.51.
We then reach the final issue and that is whether plaintiff attorney has a personal cause of action for the legal fees provided for in subdivision 1 of section 675 of the Insurance Law. Said subdivision states “the claimant shall also be entitled to recover his attorney’s reasonable fee, for services necessarily performed” (emphasis supplied).
11 NYCRR 65.15 (h) (1) similarly provides in part as follows: “Attorneys. (1) An applicant or an assignee shall be entitled to recover attorney’s fees, for services necessarily performed in connection with securing payment” (emphasis supplied).
It is clear: It is only the “claimant” or “applicant” or “assignee” that is entitled to recover attorney’s fees. Accordingly the second cause of action is hereby dismissed, however, the court on its own motion amends the complaint to provide for a new second cause of action in favor of plaintiff hospital for reasonable attorney’s fees for services necessarily performed in connection with this matter and accordingly the court awards the plaintiff hospital the sum of $814.51, together with statutory costs and disbursements of this action. The court also determines the first cause of action moot and same is dismissed.