OPINION OF THE COURT
Allan L. Winick, J.
Plaintiff, Hempstead General Hospital, brings this action against Allstate Insurance Company under the no-fault provisions of the Insurance Law based upon a claim for unpaid hospital bills for medical treatment rendered to 11 patients at the hospital. Plaintiff claims that, due to the fact that these medical treatments were as a result of *304 automobile accidents, these bills should be paid as first-party benefits pursuant to section 672 of the Insurance Law of the State of New York. Plaintiff also asks for attorney’s fees, interest compounded at the rate of 2% per month as well as punitive damages in the amount of $2,000 against defendant, Allstate Insurance Company, the no-fault carrier.
With reference to these 11 claims, 7 were paid, but according to the plaintiff, were not paid on time as set forth in the no-fault statute. Four of the claims, to date, have not been paid. Defendant denies coverage of three of the remaining four claimants. The fourth claim was not paid because of primary liability under Medicare. Also, Allstate, prior to paying two of the seven claims, requested medical substantiation. The record is silent as to any request for medical substantiation of the balance of the claims prior to payment.
The Insurance Law is very specific with reference to payment of these no-fault benefits. Subdivision 1 of section 675 of the Insurance Law states: “Payments of first party benefits and additional first party benefits shall be made as the loss is incurred. Such benefits are overdue if not paid within thirty days after the claimant supplies proof of the fact and amount of loss sustained. If proof is not supplied as to the entire claim, the amount which is supported by proof is overdue if not paid within thirty days after such proof is supplied. All overdue payments shall bear interest at the rate of two percent per month. If a valid claim or portion thereof was overdue, the claimant shall also be entitled to recover his attorney’s reasonable fee, for services necessarily performed in connection with securing payment of the overdue claim, which shall be subject to limitations promulgated by the superintendent in regulations.”
Normally, the payment is due when the proof is supplied. (E.g., NF-5 form, hospital facility form, properly filled out.) Sometimes the insurance company requests additional medical substantiation. 11 NYCRR 65.6 (f) (1), implementing this act, gives us the rule when said verification is requested: “No-fault benefits are overdue if not paid within 30 calendar days after the insurer receives verification of all of the relevant information requested pursuant to sub *305 division (d) of this section.” (See, also, Annang v Buffalo Ins. Co., 82 Misc 2d 1072.) Subdivision (d) deals with the requirements of claim procedures and necessary forms that must be filed.
Therefore, normally the 30-day period begins when the claimant submits the relevant claim forms. In the situation where the insurer requests additional medical information, then the 30-day period begins when the claimant, in this case assignee hospital, has satisfied said requests of the insurance company and the company receives verification of all the relevant information requested. We start counting the 30 days the next day after the reckoning is made. (See General Construction Law, §20.)
The next question we are concerned with is interest. The statute, subdivision 1 of section 675, states: “All overdue payments shall bear interest at * * * [2%] per month.” 11 NYCRR 65.15 (g) (1) with reference to interest on overdue payments: “All overdue mandatory personal injury protection benefits due an applicant or assignee shall bear interest at a rate of [2%] per month, compounded and calculated on a pro rata basis using a 30-day month.” The Appellate Division, Second Department, referring to the insurance regulation stated in Matter of Simmons (Government Employees Ins. Co.) (59 AD2d 468, 472): “The 2% per month is to be compounded (11 NYCRR 65.6 [¶] [1])”. If the payment is not made within the 30-day period, then the interest begins to accrue as aforesaid.
Next we are concerned with the question of attorney’s fees which plaintiff requests. Subdivision 1 of section 675 of the Insurance Law states: “If a valid claim or portion thereof was overdue, the claimant shall also be entitled to recover his attorney’s reasonable fee, for services necessarily performed in connection with securing payment of the overdue claim, which shall be subject to limitations promulgated by the superintendent in regulations.”
The Superintendent of Insurance has promulgated rules and regulations controlling, among other things, attorney’s fees pursuant to section 675 of the Insurance Law. Attorney’s fees are permitted for services necessarily performed in the resolution of no-fault disputes. The regu *306 lotions provide for different amounts and methods of computations of said fee, depending on the type of arbitration the claim is subject to. The following are the types of arbitrations provided: 11 NYCRR 65.16 (c) (3) — American Arbitration Association (A.A.A.) Expedited Arbitration, Health Service Arbitration, Insurance Department Arbitration and A.A.A. Arbitration. This case was brought directly to the court without arbitration which is permitted under subdivision 2 of section 675 of the Insurance Law. Both the statute and the regulations provide that these fees apply no matter whether an arbitration was initiated or a court action commenced. (See 11 NYCRR 65.16 [c] [8] [i].) In the case of Kurcsics v Merchants Mut. Ins. Co. (49 NY2d 451), the Court of Appeals dealt with the question of attorney’s fees in unpaid claim cases under no-fault provisions of section 675. That case was not an appeal from an arbitrator’s award but was from a judgment of Special Term of the Supreme Court. The court states (p 459): “In accordance with this statutory mandate, plaintiff is entitled to the interest claimed and reasonable attorney’s fees.” In a decision in Massapequa Gen. Hosp. v Allstate Ins. Co. (118 Misc 2d 155, 161), Judge Medowar of the Nassau County District Court discusses this very point in a similar case: “It is very clear from the language of this provision [11 NYCRR 65.16 (c) (8) (i)] that it applies to either arbitration proceedings or actions brought in courts of law. Clause (ix) of paragraph (8) clearly and unequivocally provides that in disputes such as the one in the instant matter where the overdue claim was resolved after ‘a court action has been commenced’, the ‘claimant’s’ attorney’s fee is limited by this regulation in the determination of such maximum legal fees.”
I agree. But this does not decide the entire question. The question to be decided is the method for determining the amount of the attorney’s fees. Plaintiff contends that the attorney’s fees in this case are not limited by any regulation promulgated by the Superintendent of Insurance. Its position is that plaintiff has a statutory right to recover, not only his fee with respect to enforcement of the claim, but also a fee for substantiating his original claim for attorney’s fees. The defendant contends that all counsel *307 fees must be computed pursuant to the Insurance Department regulations. The answer lies in the middle. Plaintiff and defendant are both partially correct and partially incorrect. As I previously stated, the fees with reference to the enforcement and prosecution of the claims are governed by the Insurance Department regulation, the only contingency being the type of arbitration proceeding that would be appropriate. That, of course, would determine which fee applied.
Section 65.16 (c) (3) of the Insurance Department regulations (11 NYCRR) refers to jurisdiction of arbitration forums. After examination of the provisions for the different forums, the court finds that if plaintiff did bring an arbitration proceeding, said proceeding would have been a Health Service Arbitration. Therefore, the fee schedule that would apply would be those fees allowable with a Health Service Arbitration. This fee is computed (11 NYCRR 65.16 [c] [8] [iv]) and limited as follows: “Except as provided in subparagraph (ii) of this paragraph, 20 percent of the amount of the first-party benefits plus interest thereon, awarded by arbitrator(s) or court subject to a maximum fee of $700”. Subparagraph (ii) allows for a minimum of $50.
Plaintiff requests an undivided attorney’s fee based solely on quantum meruit, including a separate fee for the efforts expended in substantiating its claim to attorney’s fees. Plaintiff, as previously stated, is entitled to its counsel’s fees for bringing this cause of action for recovery of benefits pursuant to the New York State No-Fault Law in accordance with the Insurance Department regulations. In addition, plaintiff may recover reasonable attorney’s fees for time spent substantiating his fee for prosecuting the unpaid claims. This is a fee on a fee. He may recover for “efforts expended in addressing any legal issues which may be involved as well as time spent in assembling and presenting factual data to support the claim.” (Matter of Fresh Meadows Med. Assoc. [Liberty Mut. Ins. Co.], 49 NY2d 93, 99.)
Therefore, the plaintiff may recover reasonable attorney’s fees necessarily incurred in prosecuting this action, limited by the Insurance Department regulations. He may *308 also recover his attorney’s fees for the time spent in substantiating the claim for fees in prosecuting the claim (the so-called “a fee on a fee”; see Fresh Meadows Med. Assoc. [Liberty Mut. Ins. Co.], supra).
The last legal issue involves three claims, two in which defendant Allstate denies coverage and one where the patient was covered by Medicare. 11 NYCRR 65.15 (f) (5) states:
“If an insurer has determined that benefits are not payable for any of the following reasons:
“(i) no coverage on the date of accident;
“(ii) circumstances of the accident not covered by no-fault;
“(in) statutory exclusions pursuant to section 672 (2) of the Insurance Law;
“it shall notify the applicant within 10 business days after such determination on a prescribed denial of claim form, specifying the reasons for the denial.”
If the claim is for one of no coverage, according to the insurance codes and regulations, a denial must be sent out after determination within 10 business days. This was not done here. The defendant is, therefore, barred from raising any defense based upon noncoverage.
FINDINGS AND CONCLUSIONS
Plaintiff placed in evidence 11 hospital facility forms which state the amount of the loss, the treatment rendered and diagnosis thereof with reference to each of these claims. Each one of the claims was mailed on a certain date. None of these claims was paid within 30 days. Three of the claims have not been paid to date.
I will dispose of each of these claims separately.
1. Frank Rinck
Hospital facility form requesting payment was mailed on November 4, 1980.
Allstate Insurance Company requested additional medical records on an unknown date.
Hospital sent the records on December 10, 1980.
Presuming that the records were received within five days of mailing, the 30 days expired on January 14, 1981.
*309 Payment was made on June 5, 1981.
On the first cause of action, plaintiff shall have judgment against defendant for interest from January 15, 1981 to June 5, 1981 computed at a rate of 2% compounded monthly based on a 30-day month.
2. Addie Pearson
Hospital facility form requesting payment was mailed on November 19, 1980 to Allstate.
The 30 days for payment expired on December 19,1980.
Payment was made January 16, 1981.
On the second cause of action, plaintiff shall have judgment against defendant for interest from December 20, 1980 to January 16, 1981 computed at a rate of 2% compounded monthly.
3 and 4. Claudette Walton (two claims)
It would appear that both claims were paid timely and no evidence to the contrary was presented by the plaintiff.
The hospital facility form requesting payment was mailed on July 23, 1979.
The defendant made an oral request on August 31, 1979 for medical records.
The defendant was paid on the claim on September 7, 1979. The plaintiff has not proved that the claim was paid late and is not entitled to interest or counsel fees.
5. John Ruszkiewicz
The hospital facility form requesting payment was mailed on August 20, 1981.
Allstate, on August 26, 1981, forwarded a letter to Hempstead General Hospital indicating that Medicare is primarily liable.
Medicare is primarily liable for the first 80% but no-fault is liable for the balance of 20%, which, in this case, is $10.20. The amount still remains unpaid and, therefore, interest at 2% compounded monthly runs from 30 days from the filing of the hospital facility form, to wit: September 20, 1981.
Plaintiff shall have judgment against the defendant for $10.20 and interest from September 20,1981 to the present on the unpaid balance of $10.20.
*310 6. Alan Rosenthal
The hospital facility form requesting payment was mailed on August 28, 1981.
The 30 days expired on September 27, 1981.
Payment was made on November 20, 1981.
Plaintiff shall have judgment against defendant for interest from September 27, 1981 to November 20, 1981 computed at a rate of 2% compounded monthly.
7 and 8. Margaret Stevens and Hillary Hudson
The plaintiff presented evidence that the hospital facility forms were mailed. No testimony was elicited at trial in rebuttal other than a claim that defendant is not the carrier. The insurance regulations are very specific (11 NYCRR 65.15 [¶] [5]). An insurance carrier must notify the applicant within 10 business days after said determination of noncoverage on a prescribed denial form. No testimony was offered concerning denial being mailed and so defendant is barred at the time of trial from raising said defense when it certainly could have rapidly discovered whether it is the insurance carrier.
Plaintiff shall have judgment against defendant for $91.93 as assignee of Margaret Stevens with interest at 2% compounded monthly from March 25,1982 and for $136.31 as assignee of Hillary Hudson with interest at 2% compounded monthly from March 25, 1982.
9. Michael Colwell
The hospital facility form requesting payment was mailed on September 16, 1981.
. The 30 days expired on October 16, 1981.
Payment was made on November 5, 1982.
The interest accrues at 2% compounded monthly from October 17, 1981 to November 5, 1982 and plaintiff shall have judgment for such amount.
10. Hattie B. Bradsher
The testimony from the witness for the hospital indicated the claim was sent October 24, 1980. In view of the fact that defendant offered no evidence to contradict said testimony nor was a denial of claim offered into evidence, I find that the claim is unpaid and plaintiff hospital is *311 entitled to the sum of $90.55 with interest at 2% compounded monthly from November 24, 1980.
11. Arthur Spencer, Jr.
The hospital facility form requesting payment was mailed on October 22, 1981.
The 30 days expired on November 21, 1981.
Payment was made on February 10, 1982.
Plaintiff shall have judgment against defendant for interest from November 22, 1981 to February 10, 1982 computed at a rate of 2% compounded monthly.
12. Plaintiff’s twelfth cause of action is for punitive damages. No separate cause of action for punitive damages is cognizable. (Kallman v Wolf Corp., 25 AD2d 506.) Moreover, the evidence presented in this case showed no reason for the award of punitive damages. Punitive damages are not recoverable alone although they may be based on an award of nominal compensatory damages and there must be actual malice shown on the part of the defendant (Bryce v Wilde, 39 AD2d 291, affd 31 NY2d 882). There was no showing of malice upon the part of the defendant. The sole remedy for lateness is indicated in subdivision 1 of section 675 of the Insurance Law and the plaintiff in this case can only recover the statutory amount. Whatever penalty there may be for lateness, deliberate or otherwise, is to be based on the statutory formula.
Defendant’s motion to dismiss based on lack of jurisdiction (under $5,000) is denied. Subdivision 2 of section 675 of the Insurance Law allows review of a decision of a master arbitrator when the amount of the master arbitrator’s award is over $5,000. This is inapplicable to a case brought in the first instance in court.
Finally, the question of computation of counsel’s fees. Plaintiff may recover reasonable attorney’s fees necessarily incurred in prosecuting this case, as based on the Insurance Department regulation formula (Health Service Arbitration formula). The fee shall be an amount equal to 20% of the first-party benefits plus interest, subject to a maximum of $700 and a minimum of $50 per claim.
Plaintiff is also awarded $750, which is the reasonable attorney’s fees for the time spent in substantiating its *312 attorney’s fees. This figure is discerned after reading plaintiff’s affirmation of legal services rendered, plaintiff’s attorney’s court testimony and court’s estimation of what would be reasonable time expended with respect to this single issue. The court bears in mind that the attorney’s fees here can only be based on the amount of time plaintiff’s attorney spent in justifying his attorney services expended on the prosecution of the medical claims and interest.
Settle judgment on notice including the amounts awarded for unpaid claims and unpaid interest, attorney’s fees on the same, and the additional award of $750 counsel fees.