■ HEMPSTEAD GENERAL HOSPITAL, as Assignee of FRANK RINCK, Respondent, v ALLSTATE GENERAL INSURANCE COMPANY, Appellant. — In an action brought under the no-fault provisions of the Insurance Law, defendant insurer appeals from so much of a judgment of the Supreme Court, Nassau County (Winick, J.), entered September 1, 1983, as awarded plaintiff additional attorney's fees in the amount of $750 as a "fee upon a fee", or a fee for time spent in substantiating its counsel fees.

Judgment reversed insofar as appealed from, on the law, with costs, and additional attorney's fees denied.

Counsel fees are not recoverable absent express statutory or contractual provision therefor (see, e.g., *City of Buffalo v Clement Co.,* 28 NY2d 241, 262-263; *Equitable Lbr. Corp. v IPA Land Dev. Corp.,* 38 NY2d 516). Recovery of attorney's fees in the instant case is authorized by subdivision 1 of section 675 of the Insurance Law. That section provides further that such recovery "shall be subject to limitations promulgated by the superintendent in regulations". Those regulations are set forth in 11 NYCRR 65.16 (c) (8):

"(8) limitations on attorney's fees pursuant to section 675 of the Insurance Law. The following limitations shall apply to the payment by insurers of applicant's attorney's fees for services necessarily performed in the resolution of no-fault disputes:

"(i) If an arbitration was initiated or a court action was commenced by an attorney on behalf of an applicant and the claim or portion thereof was not denied or overdue at the time the arbitration proceeding was initiated or the action was commenced, no attorney's fees shall be granted.

"(ii) The minimum attorney's fee payable pursuant to this Part shall be $50.

"(iii) Disputes subject to A.A.A. expedited arbitrations. Subject to the provisions of subparagraphs (i) and (ii) of this paragraph, an attorney's fee shall be limited as follows:

"(a) for preparatory services relating to the arbitration forum or court, the attorney shall be entitled to receive a fee of up to $55 per hour, subject to a maximum fee of $1,100; and, in addition,

"(b) an attorney shall be entitled to receive a fee of up to $70 per hour for each personal appearance before the arbitrator or court.

"(iv) Disputes subject to H.S.A. arbitrations. Subject to the provisions of subparagraphs (i) and (ii) of this paragraph, an attorney's fee shall be limited as follows: Except as provided in subparagraph (ii) of this paragraph, 20 percent of the amount of first-party benefits plus interest thereon, awarded by the arbitrator(s) or court subject to a maximum fee of $700.

"(v) Disputes subject to Insurance Department arbitrations. Subject to the provisions of subparagraphs (i) and (ii) of this paragraph, an attorney's fee shall be 20 percent of the interest awarded by the arbitrator subject to a minimum fee of $50 and a maximum fee of $400.

"(vi) Disputes subject to A.A.A. arbitrations. Subject to the provisions of subparagraphs (i) and (ii) of this paragraph, an attorney's fee shall be limited as follows:

"(a) for preparatory services relating to the arbitration forum or court, the attorney shall be entitled to receive a fee of up to $35 per hour, subject to a maximum fee of $350; and, in addition,

"(b) an attorney shall be entitled to receive a fee of up to $60 per hour for each personal appearance before the arbitration forum or court;

"(c) however, except as provided in subparagraph (ii) of this paragraph, in no event shall the attorney's fee exceed the amount of first-party benefits plus interest thereon awarded to the applicant.

"(vii) Notwithstanding the limitations listed in this paragraph, if the arbitrator(s) or a court determines that the issues in dispute were of such a novel and/or unique nature as to require extraordinary skills or services, the arbitrator(s) or court may award an attorney's fee in excess of the limitations set forth in this paragraph. An excess fee award must describe in detail the specific novel and unique nature of the dispute which justifies the award. An excess award by an arbitrator shall be appealable to a master arbitrator.

"(viii) If a dispute involving an overdue or denied claim is resolved either before arbitration is initiated or before a court action is commenced, the claimant's attorney shall be entitled to a fee of $50 which shall be full compensation from the insurer for the attorney's services with respect to such claim.

"(ix) If a dispute involving an overdue or denied claim is resolved by the parties after it has been forwarded by the Insurance Department to the appropriate arbitration forum or after a court action has been commenced, the claimant's attorney shall be entitled to a fee which shall be computed in accordance with the limitations set forth in this paragraph.

"(x) *No attorney shall demand, request or receive from the insurer any payment of fee in excess of the fees permitted by this paragraph.*" (Emphasis added.)

Inasmuch as the "fee upon a fee" awarded to plaintiff in the instant case is not authorized by the regulations that part of the judgment under review must be reversed. We do not find the regulations to be unreasonable or unenforceable insofar as they are involved on this appeal. Contrary to plaintiff's position, *Matter of Fresh Meadows Med. Assoc. (Liberty Mut. Ins. Co.)* (49 NY2d 93) is not applicable to the instant case, inasmuch as that case involved neither the amended statute herein at issue, nor the regulations promulgated pursuant to it. In particular, the clear proscription of 11 NYCRR 65.16 (c) (8) (x) against additional fees was not before the court at that time. Titone, J. P., Gibbons, Bracken and Weinstein, JJ., concur. [120 Misc 2d 303.]