OPINION OF THE COURT
John Di Noto, J.
This is an action by plaintiff Central General Hospital, as assignee, against Allstate Insurance Company, defendant insurer, under the no-fault provisions of the Insurance Law, based upon a claim for unpaid hospital bills for medical treatment rendered to three patients at plaintiff hospital.
The instant proceeding is a trial de novo of the aforesaid claims. The plaintiff initially commenced the action in this court on or about October 21, 1983, to recover payment for 12 unpaid hospital bills. The complaint sets forth 12 causes of action, each cause of action alleging a separate claim for unpaid bills plus interest and attorney’s fees.
Pursuant to the administrative Rules of the Chief Judge (22 NYCRR 28.1 et seq.) applicable to this court, the action was submitted to mandatory arbitration. Prior to arbitration, the parties either settled or discontinued nine of the claims. An *564 arbitration of the three remaining claims, the second, eleventh and twelfth causes of action, was held on December 31, 1984. The panel of arbitrators rendered a decision in favor of plaintiff in the amount of $400 on the three causes of action and $1,200 attorney’s fees.
Thereafter, the defendant herein filed a demand for a trial de novo pursuant to 22 NYCRR 28.12. The matter was set down for trial on May 16, 1984. At the time of trial, the attorneys for the parties agreed that the hospital bills were due and outstanding. It was agreed that defendant pay plaintiff for the unpaid hospital bills as follows: $28.55 on the second cause of action plus $119.16 interest from June 11, 1978; $38.53 on the eleventh cause of action plus $164.80 interest from July 8, 1978; and $44.50 on the twelfth cause of action plus $85.14 interest from November 6, 1980. The total amount agreed upon as due was $400.68.
The only issue remaining for this court to decide is whether plaintiff is entitled to recover reasonable attorney’s fees for legal services performed in connection with this action and, if it is, the amount of same.
It is well settled that the recovery of attorney’s fees is not permitted absent express agreement or statutory authorization. (See, City of Buffalo v Clement Co., 28 NY2d 241; Equitable Lbr. Corp. v IPA Land Dev. Corp., 38 NY2d 516.)
Express statutory authority for the award of attorney’s fees for services performed in connection with the recovery of a valid overdue claim in no-fault actions is set forth in Insurance Law § 5106 (formerly § 675). Since the text of the entire statute is relevant to the court’s discussion below, it is set forth in full as follows. Section 5106 provides:
"Fair claims settlement
"(a) Payments of first party benefits and additional first party benefits shall be made as the loss is incurred. Such benefits are overdue if not paid within thirty days after the claimant supplies proof of the fact and amount of loss sustained. If proof is not supplied as to the entire claim, the amount which is supported by proof is overdue if not paid within thirty days after such proof is supplied. All overdue payments shall bear interest at the rate of two percent per month. If a valid claim or portion was overdue, the claimant shall also be entitled to recover his attorney’s reasonable fee, for services necessarily performed in connection with securing payment of the overdue claim, subject to limitations promulgated by the superintendent in regulations.
*565 "(b) Every insurer shall provide a claimant with the option of submitting any dispute involving the insurer’s liability to pay first party benefits, or additional first party benefits, the amount thereof or any other matter which may arise pursuant to subsection (a) hereof to arbitration pursuant to simplified procedures to be promulgated or approved by the superintendent.
"(c) An award by an arbitrator shall be binding except where vacated or modified by a master arbitrator in accordance with simplified procedures to be promulgated or approved by the superintendent. The grounds for vacating or modifying an arbitrator’s award by a master arbitrator shall not be limited to those grounds for review set forth in article seventy-five of the civil practice law and rules. The award of a master arbitrator shall be binding except for the grounds for review set forth in article seventy-five of the civil practice law and rules, and provided further that where the amount of such master arbitrator’s award is five thousand dollars or greater, exclusive of interest and attorney’s fees, the insurer or the claimant may institute a court action to adjudicate the dispute de novo. ” (Emphasis added.)
Defendant insurer has acknowledged that the first-party benefits were due and outstanding. It has further agreed to pay same with interest thereon from dates prior to the commencement of this action. The court thus finds that the claims were overdue and paid as a result of the institution of this action. Therefore, the defendant is liable to plaintiff for reasonable attorney’s fees pursuant to section 5106 (a).
The next question to be decided is the amount of reasonable attorney’s fees the court is authorized to award.
Pursuant to section 5106, the Superintendent has promulgated regulations limiting the amounts of attorney’s fees recoverable. 11 NYCRR 65.16, entitled "Optional arbitration procedures under section 675 (2) of the Insurance Law with respect to personal injuries sustained on and after December 1, 1977,” sets forth a schedule for computing the amount of attorney’s fees recoverable in no-fault proceedings. This schedule is intended to govern the amount of awardable attorney’s fees in actions commenced in court as well as initiated in the applicable arbitration forum set forth in said regulations. (11 NYCRR 65.16 [c] [8]; Hempstead Gen. Hosp. v Allstate Ins. Co., 120 Misc 2d 303, revd 106 AD2d 429, affd 64 NY2d 958; Massapequa Gen. Hosp. v Allstate Ins. Co., 118 Misc 2d 155.)
*566 Plaintiff contends that the instant proceeding is a trial de novo and, therefore, the court is authorized to fix the amount of attorney’s fees on a quantum meruit basis pursuant to 11 NYCRR 65.17 (k) (4).
Plaintiff requests that the court award it the sum of $1,725 for prosecution of the three claims herein. Plaintiff’s attorney, Joseph Henig, submits in his brief that he has expended 46 hours of legal service for the prosecution of the 12 original claims at an hourly rate of $150 per hour. According to Mr. Henig, the requested fee represents 25% of his total effort expended for the 12 original claims. Annexed to Mr. Henig’s memorandum of law is an itemization of the time and efforts so expended.
It is contended that the language of 11 NYCRR 65.17 (k) (4) makes it clearly applicable to the instant case. 11 NYCRR 65.17 (k) (4) provides:
"k. Limitations on attorney’s fees pursuant to section 675 of the Insurance Law. The following limitations shall apply to the payment by insurers of applicant’s attorney’s fees for services rendered in a master arbitration to resolve a no-fault dispute * * *
"(4) The attorney’s fee for services rendered in connection with a court adjudication of a dispute de novo, as provided in section 675 (2) of the Insurance Law, or in a court appeal from a master arbitration award and any further appeals shall be fixed by the court adjudicating the matter.” (Emphasis added.)
Defendant argues that this regulation is inapplicable to the case at bar and that it applies only where a no-fault dispute is adjudicated de novo in accordance with Insurance Law § 5106 (c) (formerly § 675 [2]).
The court agrees. A brief review of the provisions of section 5106 (b) and (c) serves to demonstrate the distinctions between a de novo adjudication permitted under the Insurance Law and the instant trial de novo.
As set forth above, section 5106 (b) provides a claimant with the optional right to initially arbitrate a no-fault dispute pursuant to the simplified regulations promulgated by the Superintendent of Insurance. Said regulations are provided in 11 NYCRR 65.16. An arbitrator’s award may thereafter be vacated or modified only in accordance with the provisions of the statute and regulations. (See, Insurance Law § 5106 [c].) Under section 5106 (c), neither the claimant nor the insurer has an absolute right to commence a trial de novo. The *567 statute and the regulations promulgated thereunder impose a threshold requirement that the master arbitrator’s award be $5,000 or greater before a de novo review may be commenced. (See, Insurance Law § 5106 [c]; 11 NYCRR 65.17 [i] [1] [ii].)
To accomplish the purposes of the no-fault legislation, courts strictly construe the statutory predicates of section 5106 (c) and dismiss de novo actions where the threshold requirements are not met. (See, Demos v Maryland Cas. Co., 89 AD2d 1006; see also, Aetna Life & Cas. Co. v Duthie, 107 AD2d 1009.)
Plaintiff herein did not choose to prosecute its claim pursuant to the optional arbitration procedures set forth in section 5106 (b) and the regulations promulgated thereunder. Instead, plaintiff commenced a civil action in this court. Pursuant to the administrative rules of this court, 22 NYCRR 28.1 et seq., the action was submitted to mandatory arbitration. (See, 22 NYCRR 28.2.) The defendant thereafter demanded a trial de novo pursuant to 22 NYCRR 28.12. In the instant action, either nondefaulting party had the right to a trial de novo pursuant to the aforesaid rule. The court notes that, had plaintiff chosen to proceed by way of arbitration pursuant to section 5106 (b), neither party herein would have been permitted to commence a de novo action since the amount of the dispute is less than the $5,000 threshold. (See, Demos v Maryland Cas. Co., supra.)
Having distinguished the de novo action at bar from one commenced in accordance with Insurance Law § 5106 (c), it is clear that plaintiff’s attorney’s fees herein were not incurred from legal services performed in connection with a de novo dispute as provided in section 5106 (c). The court finds, therefore, that 11 NYCRR 65.17 (k) (4) does not apply to the instant proceedings. The court holds that the regulatory fee schedules provided in 11 NYCRR 65.16 (c) (8) govern the award of attorney’s fees in de novo actions commenced pursuant to the administrative rule of this court (22 NYCRR 28.12).
The court, however, is unable to determine the particular schedule to apply, since it is unable to determine from the briefs submitted which arbitration forum would have jurisdiction had plaintiff initially opted to arbitrate this matter.
Accordingly, the clerk is heréby directed to set this matter down for a hearing to determine this issue and to notify the parties of the date of said hearing.
The plaintiff is hereby awarded judgment in the amount of *568 $400.68 for the recovery of first-party benefits, and interest thereon, and reasonable attorney’s fees in the amount to be determined by the court after said hearing.
Entry of judgment shall be stayed pending the further determination of the court upon the amount of reasonable attorney’s fees to be awarded plaintiff.