DEEPDALE GENERAL HOSPITAL, as Assignee of IMTIAZ A. RANA, Plaintiff, v AMERICAN COLONIAL INSURANCE COMPANY, Defendant.

District Court of Nassau County, Third District, October 26, 1988

**APPEARANCES OF COUNSEL**

*Cally & Cally* for defendant. *Mardon R. Israel* for plaintiff.

**OPINION OF THE COURT**

ZELDA JONAS, J.

Defendant's motion for partial summary judgment pursuant to CPLR 3212, on the first cause of action in plaintiff's complaint, is granted.

■ The plaintiff's assignor was injured in an automobile accident on January 21, 1988. As a result of the accident, the assignor was entitled to receive no-fault benefits for hospital expenses from the defendant insurer pursuant to the insurance policy which covered payment of health service expenses. (Insurance Law §§ 5103, 5106.) The first cause of action in plaintiff's complaint is for the recovery of $2,554.88 for health services rendered by the plaintiff assignee, together with interest. The affirmation of plaintiff's attorney, annexed to the motion for a protective order, states that a hospital bill was submitted to defendant on March 2, 1988, and the defendant paid the bill with interest by check dated April 26, 1988. Since defendant paid the hospital bill, there is no merit to plaintiff's first cause of action. Accordingly, the first cause of action in plaintiff's complaint is hereby dismissed.

Plaintiff's motion for partial summary judgment pursuant to CPLR 3212 on the second cause of action for attorney's fees is granted to the following extent. The Clerk of the Court is directed to enter judgment in favor of plaintiff for the sum of $55 as compensation for attorney's services.

■ The plaintiff's claim for attorney's fees is limited to $55 because the defendant insurer paid the hospital bill prior to the commencement of this action. A civil action is commenced upon the completion of service of the summons and complaint upon the defendant. UDCA 410 provides that service of the summons is complete immediately upon personal delivery to the defendant, or upon the filing of proof of service with the District Court when personal service is not made by personal delivery. In the instant case, service of the summons was made upon the defendant on April 18, 1988 by serving the Superintendent of Insurance of the State of New York pursuant to Insurance Law § 1212. The summons was filed with the court on May 16, 1988. Since personal service of the summons was not made by personal delivery upon the defendant, service was complete on May 16, 1988. (UDCA 410 [b].) Accordingly, the defendant's payment of the hospital bill on April 26, 1988 was made prior to commencement of the civil action in the District Court.

■ Reasonable attorney fees to be recovered for services performed in connection with securing payment of an overdue insurance claim is to be determined according to insurance statute setting forth limitations on attorney fees. *(Massapequa Gen. Hosp. v Allstate Ins. Co.,* 118 Misc 2d 155 [1983]; *Central Gen. Hosp. v Allstate Ins. Co.,* 130 Misc 2d 563 [1985]; *see, Hempstead Gen. Hosp. v Allstate Gen. Ins. Co.,* 106 AD2d 429, *affd* 64 NY2d 958 [1985].) It is the determination of this court that plaintiff's hospital recovery of its attorney's fee for services rendered in this court action is governed and controlled by regulation (11 NYCRR 65.16 [c] [8]). Section 65.16 (c) (8) (viii) states that if a dispute involving an overdue or denied claim is resolved before a court action is commenced, the claimant's attorney shall be entitled to a fee of $55 which shall be full compensation from the insurer for the attorney's services with respect to that claim. (11 NYCRR 65.16 [c] [8] [viii].) Accordingly, based upon the above finding, the court awards $55 to plaintiff as compensation for attorney's services.

Plaintiff's motion for a protective order pursuant to CPLR 3103 has been rendered moot by this order.