■ In the Matter of KISHOR MEHTA, Appellant, v NEW YORK CITY DEPARTMENT OF CONSUMER AFFAIRS et al., Respondents.—Order, Supreme Court, New York County (Norman C. Ryp, J.), entered February 15, 1989, which dismissed petitioner's CPLR article 78 petition, which was brought to review the decision of respondent Department of Consumer Affairs, made on or about November 11, 1980, removing petitioner from a waiting list to operate a sidewalk newsstand, and which sought monetary damages, unanimously affirmed, without costs.

Petitioner applied for and was eventually issued a license by respondent Department of Consumer Affairs to construct and operate a new newsstand on November 19, 1980. In the meantime, he had requested that his name also be placed on the waiting list for existing newsstands and received number C-25. As part of the final processing of petitioner's application for the new newsstand, his name was removed from the waiting list for existing newsstands, pursuant to a then-existing policy which prohibited persons from obtaining more than one license to operate a newsstand. In response to a query regarding his status on the waiting list, petitioner was informed, on March 15, 1984, that his name had been removed, but he was offered a new position on the list. He accepted and was assigned number C-235. During the next 3½ years, he unsuccessfully attempted to be reinstated to his original position.

Petitioner commenced this action for review, contending his removal was arbitrary and capricious, seeking reinstatement to his original position, and also seeking lost profits and punitive damages. Respondent moved to dismiss on the

grounds that the Statute of Limitations had expired, the petition was defeated by the doctrine of laches, waiver and estoppel, that petitioner failed to state a claim upon which relief could be granted, and that damages were too remote, speculative and uncertain. In the meantime, without admitting any wrongdoing, respondent placed petitioner at the top of the newsstand waiting list, assigning him number A-1, whereby he would receive the next available existing newsstand at a location acceptable to him. At oral argument it was indicated that petitioner had already obtained another newsstand which was in operation.

The court declared the application moot, denied the request for lost profits as the newsstand in question had not been established and thus calculation of actual damages and/or profits remained too speculative, and dismissed the petition. We agree.

Where, during the pendency of a proceeding to review an agency determination, there has been subsequent action taken which has resolved the issue in dispute, the proceeding should be dismissed as moot. (See, Flacke v Onondaga Landfill Sys., 69 NY2d 873.) Accordingly, since petitioner was placed back at the top of the waiting list, and has since obtained another newsstand, the IAS court correctly dismissed the petition as moot.

The IAS court also properly dismissed petitioner's claim for money damages. The withholding of a license, even if erroneous, is a discretionary exercise of a governmental function and thus is immune from liability for money damages (e.g., Rottkamp v Young, 21 AD2d 373, affd 15 NY2d 831). Moreover, it may be noted that even where damages are appropriate, anticipated profits will not be awarded unless a reasonable means of calculating the amount is provided (Manniello v Dea, 92 AD2d 426, 429; Freund v Washington Sq. Press, 41 AD2d 371, affd as mod 34 NY2d 379). In order to recover lost profits, a business must have been established and in operation for a definite period of time and calculations based on other similar businesses are too speculative and will not satisfy the reasonable means of calculating damages and lost profits (Sam & Mary Hous. Corp. v Jo/Sal Mkt. Corp., 121 Misc 2d 434, 445, mod 100 AD2d 901, affd 64 NY2d 1107).

In the instant case, since there is no basis for an award of actual damages and no showing of actual malice, there can be no recovery of punitive damages (Hempstead Gen. Hosp. v

*Allstate Ins. Co.,* 120 Misc 2d 303, 311, *revd on other grounds* 106 AD2d 429). Concur—Kupferman, J. P., Ross, Ellerin, Wallach and Rubin, JJ.