■ JOSEPH KASWAN, Appellant, v KENNETH E. MANNINGS et al., Respondents. [604 NYS2d 71] —Order, Supreme Court, New York County (Leona E. Freedman, J.), entered January 27, 1993, which denied plaintiff's motion for summary judgment in lieu of complaint, unanimously affirmed, without costs.

The IAS Court properly denied plaintiff's CPLR 3213 motion since the Federal court judgment on which it was based (Kaswan v Mannings, 1991 US Dist LEXIS 3357 [US Dist Ct, SD NY, Mar. 20, 1991, Sand, J.]), was not a substantive award

in plaintiff's favor. The District Court's statement that "plaintiff suffered injury as a result of the ruling by ALJ Mannings and was deprived of a property right" (1991 US Dist LEXIS 3357, *supra,* at *9) was pure dictum in the context of a ruling dismissing a 42 USC § 1983 civil rights action on the ground that the property right in issue could be adequately vindicated through the State court remedy of a CPLR article 78 proceeding. Plaintiff's contention that defendants' pattern of behavior towards him shows that he was selectively deprived of supposedly available procedural administrative guarantees is misplaced in this action, and should have been raised in the Federal action in support of his attempt to bypass State procedures and resort directly to Federal remedies. Nor should plaintiff's motion be converted into a complaint, it being well settled that the issuance of a license is a discretionary exercise of a governmental function and thus is immune from liability for money damages *(Matter of Mehta v New York City Dept. of Consumer Affairs,* 162 AD2d 236, 237). There is no conflict between this rule and the requirement in 42 USC § 1983 that there be "redress" for a deprivation of civil rights, since the term "redress" is not limited to monetary awards. In any event, plaintiff's damage claims are speculative and uncertain, and, moreover, the action is now barred by the Statute of Limitations, which was specifically referred to by the District Court. We have considered plaintiff's other arguments and find them to be without merit. Concur—Carro, J. P., Kupferman, Asch, Rubin and Nardelli, JJ.