■ ST. VINCENT'S HOSPITAL & MEDICAL CENTER et al., Appellants, v ALLSTATE INSURANCE COMPANY, Respondent. [742 NYS2d 350] —In an action to recover no-fault medical payments, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated November 9, 2001, as denied those branches of their motion which were for summary judgment on the first and second causes of action to recover payments for medical services provided by St. Vincent's Hospital & Medical Center.

Ordered that the appeal by the plaintiff Hospital for Joint Diseases is dismissed, without costs or disbursements, as that plaintiff is not aggrieved by the portion of the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is modified by deleting the provision thereof denying that branch of the motion which was for summary judgment on the second cause of action and substituting therefor provisions granting that branch of the motion to the extent of awarding St. Vincent's Hospital & Medical Center the principal sum of $60, otherwise denying that branch of the motion, and, on the Court's own motion, otherwise dismissing the second cause of action; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The appellant St. Vincent's Hospital & Medical Center (hereinafter the appellant) failed to make a prima facie showing of entitlement to judgment as a matter of law as to the first cause of action (*see Alvarez v Prospect Hosp.*, 68 NY2d 320; *Zuckerman v City of New York*, 49 NY2d 557). The evidence presented by the appellant was insufficient to establish that the defendant wrongly denied the appellant's claim for payment for medical services on the basis that the policy limits were exhausted. The appellant failed to show that the policy limits of $50,000 were not exhausted by legitimate claims made prior to the delivery of the appellant's claim to the no-fault insurer.

Thus, summary judgment was properly denied as to the first cause of action. The defendant's contention that the complaint fails to state a cause of action for the recovery of the sum sought in the first cause of action, raised for the first time on appeal, is not properly before this Court (*see St. Clare's Hosp. v Allcity Ins. Co.*, 201 AD2d 718).

Summary judgment should have been granted, however, on the second cause of action to the extent that it sought an attorney's fee in the sum of $60 on a claim for payment for medical services provided to the appellant's assignor. The claim was initially denied in full by the defendant within the statutory 30-day period (*see* Insurance Law § 5106 [a]; 11 NYCRR 65.15 [g]), but was later, in large part, paid by the defendant. The appellant fails to demonstrate its entitlement to interest, because the statute and the applicable regulation provide for interest only in the event that the insurer fails to deny or pay the claim within the statutory 30-day period (Insurance Law § 5106 [a]; 11 NYCRR 65.15 [g]-[i]; *see Smithtown Gen. Hosp. v State Farm Mut. Auto. Ins. Co.*, 207 AD2d 338). The appellant further failed to demonstrate its entitlement to an attorney's fee in the sum of $850, because the regulations provide for such fee only where an award is made by the court (*see* 11 NYCRR 65.17 [b] [6] [v], [vii]). However, the appellant did demonstrate its entitlement to an attorney's fee in the sum of $60. The regulations provide for an award of an attorney's fee in that sum where, as here, the claim was initially denied and subsequently paid by the insurer (*see* 11 NYCRR 65.15 [i] [1]). As the defendant did not dispute that the appellant was entitled to that sum, judgment should have been granted in favor of St. Vincent's Hospital & Medical Center on the second cause of action only to the extent of awarding it $60. Smith, J.P., O'Brien, McGinity and Townes, JJ., concur.