■ JANET GUARDINO, Appellant, v KINGS PARK SCHOOL DISTRICT et al., Respondents. [751 NYS2d 768] —In an action to recover damages for personal injuries, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Underwood, J.), dated September 19, 2001, which, upon an order of the same court, dated June 4, 2001, granting the motion of the defendant Straight Line Tennis and the separate motion of the defendants Kings Park School District and Kings Park High School for summary judgment dismissing the complaint insofar as asserted against them, dismissed the complaint.

Ordered that the order and judgment is modified, on the law, by deleting the provision thereof granting the separate motion of the defendants Kings Park School District and Kings Park High School for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision denying that motion; as so modified, the order and judgment is affirmed insofar as appealed from, the order dated June 4, 2001, is modified accordingly, the complaint is reinstated against the defendants Kings Park School District and Kings Park High School, and the action is severed as against the defendant Straight Line Tennis; and it is further,

Ordered that one bill of costs is awarded to the defendant Straight Line Tennis, payable by the defendants Kings Park School District and Kings Park High School.

On July 16, 1996, the then 45-year-old plaintiff was playing tennis as part of a Town of Smithtown singles tennis league, on an asphalt tennis court on the campus of the defendant Kings Park High School, when she fell and broke her left wrist. She alleges that she tripped and fell on a crack in the surface of the tennis court. The defendant Kings Park High School is part of the defendant Kings Park School District (hereinafter collectively referred to as Kings Park). The crack in the surface of the tennis court was repaired in 1995 by the defendant Straight Line Tennis (hereinafter Straight Line). After the repair was completed, Kings Park's groundskeeper inspected the repair and determined that it was done properly.

Thereafter, Straight Line and Kings Park separately moved, inter alia, for summary judgment dismissing the complaint insofar as it was asserted against each of them. The Supreme Court granted the motions. By order and judgment dated September 19, 2001, the Supreme Court dismissed the complaint in its entirety.

In support of its motion, Kings Park argued that the complaint should be dismissed because the defect in the tennis court was open and obvious. However, the evidence it submitted in support of its motion contradicted that position, and tended to show that any defect was not obvious. Thus, a triable issue of fact exists, and the Supreme Court should have denied Kings Park's motion to dismiss the complaint insofar as asserted against it (*see Cronson v Town of N. Hempstead,* 245 AD2d 331).

Kings Park's remaining contention is not properly raised on this appeal (*see St. Vincent's Hosp. & Med. Ctr. v Allstate Ins. Co.,* 294 AD2d 425, 426).

The plaintiff's remaining contentions are without merit. Florio, J.P., Feuerstein, McGinity and Schmidt, JJ., concur.