OPINION OF THE COURT
Julia I. Rodriguez, J.
Plaintiff, a no-fault health provider, commenced this action seeking to recover the sum of $3,414, plus statutory two percent *740 prejudgment interest and attorney’s fees, for health services allegedly rendered to its assignor, Luis Pellot.
Plaintiff now moves for summary judgment to recover statutory attorney’s fees for services necessarily performed in connection with securing payment of its claim.
Defendant cross-moves for summary judgment dismissing plaintiffs complaint.
It is undisputed that on May 28, 2004 plaintiff forwarded a claim to defendant for $3,414, along with the required statutory no-fault verification forms. Plaintiff contends that by operation of law the aforementioned claim became “overdue” on June 27, 2004, but that no denial was ever issued by defendant with respect to the instant claim.
It is also undisputed that defendant issued a draft in the amount of $3,332.88 payable to plaintiff on October 29, 2004.
Plaintiff commenced this action one month later on November 29, 2004 and concedes that defendant paid the claim “prior to the commencement of this action” (moving affirmation 1i 6). Indeed, plaintiffs counsel informs the court that it “is noted that the lawsuit herein was commenced seeking only statutory attorney’s fees [which] defendant owes on the overdue claim” of $60, despite the allegations in the complaint (1i 7).
Plaintiff presents that the controlling statutes are found in 11 NYCRR 65-3.10 and 65.17 (b) (6) (v); section 65-3.10 (a) reads:
“(a) An applicant or an assignee shall be entitled to recover their attorney’s fees, for services necessarily performed in connection with securing payment, if a valid claim or portion thereof was denied or overdue. If such a claim was initially denied and subsequently paid by the insurer, the attorney’s fee shall be $80. If such a claim was overdue but not denied, the attorney’s fee shall be equal to 20 percent of the amount of the first-party benefits and any additional first-party benefits plus interest payable pursuant to section 65-3.9 of this subpart, subject to a maximum fee of $60” (emphasis added).
11 NYCRR 65.17 (b) (6) (v) essentially reiterates that attorney’s fees shall be limited to 20% of the amount of the first-party benefits.
The court further considers section 65.17 (b) (6) (i) which provides: “(i) If . . . a court action was commenced by an attorney on behalf of an applicant and the claim or portion thereof was not denied or overdue at the time . . . the action was com *741 menced, no attorney’s fees shall be granted.” 11 NYCRR 65.17 (b) (6) (ii) (b) continues:
“(b) If the resolved claim was overdue but not denied, the attorney’s fee shall not exceed the amount of first-party benefits and any additional first-party benefits, plus interest thereon, which the insurer agreed to pay and the applicant agreed to accept in full settlement of the dispute submitted, subject to a maximum fee of $60.”
The court agrees with plaintiff that the claim was overdue when it was paid by defendant on October 29, 2004. However, for purposes of computing an attorney’s fee, the court construes the meaning of “overdue claim” to mean an “unpaid claim” when commencing an action in the No-Fault Medical Provider Part.
Reading the aforementioned statutes in pari materia, they contemplate the award of attorney’s fees secondary to a judgment of the underlying no-fault cause of action. (St. Vincent’s Hosp. & Med. Ctr. v Allstate Ins. Co., 294 AD2d 425 [2d Dept 2002]). Apparently, the regulations are silent as to the forum in which plaintiff may seek solely statutory attorney’s fees after defendant paid an overdue claim. Concomitantly, where the underlying claim was paid, the court declines to deem the regulations as authority for the collection of attorney’s fees in the No-Fault Part of the Civil Court.
The cases cited by moving counsel are inapplicable because each case merely recites the principles that a claim is overdue if not paid within 30 days, and/or that statutory attorney’s fees are warranted once an action is commenced. Notably, the scenario presented here, commencing suit after defendant paid the overdue claim, did not arise. (See Smithtown Gen. Hosp. v State Farm Mut. Auto. Ins. Co., 207 AD2d 338 [2d Dept 1994]; Deepdale Gen. Hosp. v American Colonial Ins. Co., 142 Misc 2d 115 [Nassau Dist Ct 1988], affd 144 Misc 2d 917 [App Term, 2d Dept 1989].)
For the foregoing reasons, plaintiff’s motion for summary judgment is denied; defendant’s cross motion for summary judgment dismissing plaintiffs complaint is granted, and therefore it is ordered that the complaint is dismissed without prejudice to renewal in the proper forum.