OPINION OF THE COURT
Jones, J.
In determining the entitlement of a claimant to his attorney’s reasonable fee incident to the resolution of his claim for first-party benefits in arbitration under section 675 of the Insurance Law, the arbitrator may take into account services rendered by the attorney in substantiating the claim for that fee.
Janina Tokarz was injured in an automobile accident that occurred on December 21, 1974. At the time she was a passenger in an automobile operated by Edward Adams who was insured under a liability policy issued by Liberty Mutual Insurance Company. Tokarz thereafter incurred a $70 bill for X-ray services rendered by Fresh Meadows Medical Associates. She assigned her claim for payment of this bill back to Fresh Meadows which presented the bill to the insurance carrier. When the carrier declined to make payment, Fresh Meadows submitted its claim to arbitration under section 675 of the Insurance Law and implementing regulations, demanding payment by the carrier of first-party benefits and associated attorney’s fees.
At a hearing before the arbitrator on July 13, 1977 counsel for the claimant, Fresh Meadows, submitted a memorandum of law and facts seeking payment of the $70 X-ray bill and attorney’s fees of $1,650. The arbitrator requested a responding memorandum from counsel for the insurance carrier and offered claimant’s attorney an opportunity to submit a reply memorandum. It appears that the original memorandum of claimant’s attorney was devoted both to substantiation of the claim for X-ray services and to support of the associated claim for attorney’s fees. The carrier’s submission contested both branches of the claim, addressing particular attention to the size of the claim for attorney’s fees. Claimant’s reply memorandum again related to the X-ray bill and contained a further justification for counsel fees and the reasonableness of the amount sought, now requesting a total allowance of $2,850, the additional $1,200 being for legal work "done in the reading of [the carrier’s] Brief, researching the Law contained therein and in my Reply Memorandum of Law, dictation of my Reply Memorandum of Law, revisions and corrections *97 thereof’. The time devoted by the attorney was reported as a total of 19 hours, and the value of all legal services was computed at the rate of $150 per hour. On September 12, 1977 the arbitrator made an award directing the insurance carrier to pay the $70 X-ray bill and the sum of $2,850 "as and for a reasonable attorney’s fee”.
The insurance carrier moved pursuant to CPLR 7511 to vacate that part of the arbitration award that directed payment of attorney’s fees on the ground that "the Arbitrator exceeded his authority in making an improper award of counsel fees”. Special Term denied the motion and confirmed the award in all respects. The Appellate Division reversed, reducing the award of counsel fee to $1,650, the carrier having abandoned its challenge to so much of the award in the light of our decision in Matter of Country-Wide Ins. Co. (Barrios) (43 NY2d 685).
But a single issue is presented for our resolution — in awarding an attorney’s fee incident to the determination of a claim for first-party benefits, did the arbitrator have authority to include services rendered by the attorney in substantiating the claim for counsel fees?[1] We hold that he did.
The relevant provision of section 675 as applicable to this case was found in subdivision 1: "the claimant shall also be entitled to recover his attorney’s reasonable fee if a valid claim or portion thereof was overdue and such claim was not paid before the attorney was retained.” The insurance carrier contends that the arbitrator had no authority under this section to direct payment of counsel fees for services rendered in justifying the claim for the attorney’s fee, that to the extent this arbitrator directed payment for such services he exceeded his authority and that the disposition at the Appellate Division should be upheld.
In enacting section 675 the Legislature reversed the traditional principle in our jurisprudence that each litigant is expected to bear the cost of his own attorney’s services (3 NY *98 Jur, Attorney and Client, § 83, pp 482-483). In granting the arbitrator authority under the new so-called No-Fault Auto Insurance Law to make an award to the claimant for "his attorney’s reasonable fee” if the underlying claim for first-party benefits was valid in whole or in part and had not been paid before the attorney was retained, the precise extent of such authority was not otherwise delineated. It is not disputed that the arbitrator was given authority to award counsel fees for services rendered in proving entitlement to first-party benefits. There is no explicit address in the statute, however, by way either of inclusion or of exclusion to whether the authority extends to the category of services necessarily rendered by the attorney in substantiating his entitlement to an attorney’s fee — an issue sometimes referred to by use of the phrase, "a fee on a fee”. The statutory provision does not preclude allowance for such services. Nor did the regulations originally issued by the Superintendent of Insurance speak to this issue (see former 11 NYCRR 65.6 [g] [l]).[2]
The carrier asserts that the authority exercised by the arbitrator in this instance in granting the supplemental layer of allowance is so contrary to normal jurisprudential principle that it may not be implied in the absence of express statutory provision. Claimant rejoins that the grant of any authority to make the carrier pay the fees of the claimant’s attorney represents an abrogation of the principle on which the carrier would rely, and argues persuasively that the intent of section 675 was, in cases in which an insurance carrier refused to pay a valid claim for first-party benefits and forced the claimant to retain an attorney to take his claim to arbitration, to indemnify the claimant against economic loss in exacting payment from the recalcitrant carrier. To achieve that objective the arbitrator must have authority to direct the carrier to pay all attorney’s fees; to the extent that any portion thereof were *99 excluded, and thus left for payment by the client, the purpose of the statute would be frustrated.
We agree with claimant and hold that in exercising the authority conferred on him under section 675 to direct payment by insurance carriers of reasonable fees of claimant’s attorneys, the arbitrator in making his determination may include services rendered by the attorney in substantiating the claim for counsel fees, including efforts expended in addressing any legal issues which may be involved as well as time spent in assembling and presenting factual data to support the claim.[3]
Accordingly, the order of the Appellate Division should be reversed, with costs, and the judgment of Supreme Court confirming the award, reinstated.[4]

. Reference is made by both the insurance carrier and the claimant to the standard for judicial review of an award in compulsory arbitration as contrasted with the standard in voluntary arbitration (Mount St. Mary’s Hosp. of Niagara Falls v Catherwood, 26 NY2d 493). In our analysis this difference is of no significance in this case. The issue is the authority of the arbitrator to make an award for services rendered in substantiating the claim for the attorney’s fee. No contention is made by the insurance carrier that if the arbitrator had such authority there would be any ground for judicial disturbance of the award made by him.

. When in Matter of Country-Wide Ins. Co. (Barrios) (43 NY2d 685, supra) our court indicated the breadth of the authority conferred on the arbitrator in determining the amount of the attorney’s fee, the Legislature amended subdivision 1 of section 675 to provide that the right of the claimant to recover his attorney’s reasonable fee would be "subject to limitations promulgated by the superintendent in regulations”. (L 1977, ch 892, § 13, eff Dec. 1, 1977.) The regulations thereafter issued by the superintendent pursuant to this amendment, while imposing limitations as to the amounts to be awarded for legal services, contain no prescription pertinent to the issue before us and certainly no proscription (11 NYCRR 65.16 [c] [7], 65.17 [k]). In any event neither the statutory amendment nor the regulations issued thereunder are applicable to the present case.

. In view of this conclusion there is no necessity to consider whether some part of the additional services, on which the incremental allowance of $1,200 was predicated, was in fact related to the claim for payment of the X-ray bill.

. In announcing our decision we note, as indicated (supra, n 2), that pursuant to legislative authority the Superintendent of Insurance has now issued regulations limiting the amount of fees which may be awarded by an arbitrator in a section 675 arbitration. To the extent that there may previously have been anxiety in some quarters that arbitrators were being accorded unbridled authority to fix unreasonably high legal fees, this anxiety should now be allayed.