OPINION OF THE COURT
Howard E. Levitt, J.
Pursuant to the order of this court dated May 17, 1984 (Harwood, J.) the within matter came before this court for a hearing on May 10,1985 to determine the issue as to attorney’s fees, that is, whether the plaintiff, an attorney, is entitled to an additional fee based upon efforts expended in obtaining a statutory fee that is overdue (a fee on a fee) pursuant to Insurance Law § 675.*
The plaintiff claims that he has expended a total of 68 hours, of which he has allocated 23 hours for stenographic services at $35 per hour and 45 hours of legal time. Based upon a request of $150 per hour, he is demanding a fee on a fee of $7,500.
Plaintiff relies on the case of Matter of Fresh Meadows Med. Assoc. (Liberty Mut. Ins. Co.) (49 NY2d 93) as the basis for the claimed fee. That case, decided on November 21,1979, held that the services rendered by an attorney in substantiating a claim for a fee based upon an overdue payment from an insurance carrier that arose during mid-1977 are recoverable.
The court relied upon the language of Insurance Law § 675 (1) as it existed at that time which read in pertinent part as follows: “The claimant shall also be entitled to recover his attorney’s reasonable fee if a valid claim or portion thereof was overdue *1040 and such claim was not paid before the attorney was retained.” Specifically the Court of Appeals held, “In enacting section 675 the Legislature reversed the traditional principle in our jurisprudence that each litigant is expected to bear the cost of his own attorney’s services ***In granting the arbitrator authority under the new so-called No-Fault Auto Insurance Law to make an award to the claimant for ‘his attorney’s reasonable fee’ if the underlying claim for first-party benefits was valid in whole or in part and had not been paid before the attorney was retained, the precise extent of such authority was not otherwise delineated * * * There is no explicit address in the statute, however, by way either of inclusion or of exclusion to whether the authority extends to the category of services necessarily rendered by the attorney in substantiating his entitlement to an attorney’s fee — an issue sometimes referred to by use of the phrase, ‘a fee on a fee’. The statutory provision does not preclude allowance for such services. Nor did the regulations originally issued by the Superintendent of Insurance speak to this issue” (49 NY2d, at pp 97-98).
Notwithstanding the absence of specific language allowing the “fee on a fee” the court held that “services rendered by an attorney in substantiating the claim for counsel fees, including efforts expended in addressing any legal issues which may be involved as well as time spent in assembling and presenting factual data to support the claim” (49 NY2d, at p 99) are recoverable.
The defendant contends that the case of Hempstead Gen. Hosp. v Allstate Ins. Co. (106 AD2d 429, affd 64 NY2d 958) which denied any recovery for additional attorney’s fees, i.e., “a fee on a fee” is dispositive. This case was originally decided on August 2,1983 (120 Misc 2d 303) and involved claims that arose after 1982. The Legislature amended subdivision (1) of section 675 to provide that the right of the claimant to recover his attorney’s reasonable fee would be “subject to limitations promulgated by the superintendent in regulations” (L 1977, ch 892, § 13, eff Dec. 1,1977). However, the said regulations contain no prescription nor proscription as to the issue of fee on a fee. Indeed, this amendment was acknowledged by the court in Fresh Meadows (supra, at p 98, n 2), but was declared inapplicable to the case before it since the claims arose prior to the December 1, 1977 effective date.
Special Term in Hempstead Gen. (supra) nevertheless relied upon Fresh Meadows (supra) in sustaining a fee-on-a-fee award. The Appellate Division, Second Department, reversed, conclud *1041 ing that the recovery of attorney’s fees was authorized by Insurance Law § 675 (1) which then provided that such recovery shall be subject to limitations promulgated in the regulations; that the “fee on a fee” awarded was not authorized by the regulations, and that Fresh Meadows (supra) was inapplicable since the case involved neither the amended statute nor the regulations pursuant to it. The Court of Appeals on March 21, 1985 affirmed for the reasons stated in the memorandum of the Appellate Division.
Plaintiff contends that notwithstanding the holding in Hemp-stead Gen. (supra), a recovery is still warranted because that court referred to the “amended statute”; the statute was “amended” by Laws of 1981 (ch 340, § 1), effective January 1, 1982; and the instant claims arose during the years 1980 and 1981. Accordingly, even though the Court of Appeals had declared that a fee on a fee is not available, it is plaintiff’s position that the holding is prospective only, dating from the last amendment of the statute.
At first blush this would appear to be the correct view because the Hempstead Gen. case (supra) decided in 1983 cited to the amended statute and the regulations promulgated pursuant to it — factors which distinguish the Fresh Meadows case. However, an analysis of the statute and its amendments require a different result.
Insurance Law § 675 (1) as originally enacted by Laws of 1973 (ch 13, § 1) contained the following relevant provision: “The claimant shall also be entitled to recover his attorney’s reasonable fee if a valid claim or portion thereof was overdue and such claim was not paid before the attorney was retained.”
It was this provision that was relied upon by the court in Fresh Meadows (supra, at p 98). In 1977 the Legislature amended the statute by deleting the above-quoted provision and substituting therefor the following language: “If a valid claim or portion thereof was overdue and such claim was not paid before an attorney was retained with respect to the overdue claim, the claimant shall also be entitled to recover his attorney’s reasonable fee, which shall be subject to limitations promulgated by the superintendent in regulations.” (L 1977, ch 892, § 13, eff Dec. 1977.)
This specific amendment, as noted earlier, was cited by the court in Fresh Meadows (supra, at p 98) but held inapplicable to the facts therein.
Finally, the statute was amended in 1981 by deleting therefrom the words “and such claim was not paid before an attorney *1042 was retained with respect to the overdue claim” and adding the following words, “for services necessarily performed in connection with securing payment of the overdue claim”. (L 1981, ch 340, § 1, eff Jan. 1, 1982.)
The 1977 amendment (eff Dec. 1,1977) appears to still permit the recovery of a fee on a fee, “subject to limitations promulgated by the superintendent in regulations”. But because the regulations promulgated by the Superintendent of Insurance were silent as to the subject fee, the Court of Appeals in Hempstead Gen. held that the “fee on a fee” was not authorized (supra, at p 959).
The purpose of the 1981 amendment (eff Jan. 1, 1982) was stated to be to “permit payment of attorney’s fees incurred by the claimant in obtaining payment of an overdue claim regardless of when the attorney was retained.” (1981 McKinney’s Session Laws of NY, at 2434.) In effect, the amendment was to eliminate the inequitable situation of having to again retain an attorney who had been retained at the outset whenever elements of the claim became overdue. However, there was no further substantive change to the statute that would have altered the law as it existed as of December 1, 1977, to wit, to make any recovery of a fee on a fee subject to regulations promulgated by the Superintendent of Insurance.
Therefore, this court must find that the Hempstead Gen. case (supra) stands for the proposition that no fee on a fee is recoverable because the Department of Insurance regulations are silent as to any entitlement. Since the provision making the statute subject to said regulations became effective on December 1, 1977, that is the operative cut-off date, barring recovery for a “fee on a fee”. The 1981 amendment made no substantive change, but rather merely eliminated the necessity to retain an attorney a second time once a claim became overdue.
Thus, the claims made by plaintiff that arose during the years 1980 and 1981 fall under the holding of Hempstead Gen. and not Fresh Meadows (supra). The claims must be denied.

 Renumbered section 5106 (L 1984, ch 367, § 1, eff Sept. 1, 1984). For purposes of clarity, the former numbering will be cited herein.