■ INTERBORO GENERAL HOSPITAL, as Assignee of THOMAS DANIELS, et al., Respondents, v ALLCITY INSURANCE COMPANY et al., Appellants.—In an action brought under the no-fault provisions of the Insurance Law (§ 5101 *et seq.*), the defendant insurers appeal, (1) as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Widlitz, J.), entered October 19, 1984, as awarded the plaintiff additional attorney's fees in the amount of $2,000 as a "fee upon a fee", or a fee for time spent in substantiating its counsel fees, and (2) an order of the same court dated April 22, 1985, which denied their motion for reargument.

Judgment reversed, insofar as appealed from, on the law, and additional attorney's fees denied.

Appeal from the order dated April 22, 1985 dismissed. No appeal lies from an order denying reargument.

The appellants are awarded one bill of costs.

Counsel fees are not recoverable absent an express statutory or contractual provision therefor *(see, e.g., City of Buffalo v Clement Co., 28 NY2d 241, 262-263; Equitable Lbr. Corp. v IPA Land Dev. Corp., 38 NY2d 516)*. In the instant case, where the claims arose out of accidents which occurred in 1978, recovery of attorney's fees is limited by Insurance Law § 5106 (a) and the regulations promulgated thereunder and set forth in 11 NYCRR 65.16 (c) (8). Those regulations do not authorize the award of a "fee upon a fee", and, therefore, that part of the judgment under review must be reversed *(see, 11 NYCRR 65.16 [c] [8] [x]; Hempstead Gen. Hosp. v Allstate Ins. Co., 106 AD2d 429, affd 64 NY2d 958)*. *Matter of Fresh Meadows Med.*

*Assoc. (Liberty Mut. Ins. Co.)* (49 NY2d 93) is not applicable to the instant case, as that case involved neither the amended statute nor the regulations promulgated pursuant to it. Lazer, J. P., Niehoff, Kooper and Spatt, JJ., concur.