(April 18, 1988)

■ AFFILIATED CREDIT ADJUSTORS, INC., Respondent-Appel-

lant, v CARLUCCI & LEGUM et al., Appellants-Respondents.—In an action, *inter alia,* to recover damages for breach of contract, the defendants appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Oppido, J.), dated April 16, 1987, as, upon reargument and renewal, adhered to its prior determination in an order dated December 8, 1986, to the extent that it granted that branch of the plaintiff's cross motion which was for partial summary judgment on the fifth cause of action in the sum of $5,274.33 plus interest and denied that branch of their motion which was to dismiss the third cause of action for counsel fees, and the plaintiff cross-appeals, as limited by its notice of cross appeal and brief, from so much of the same order as adhered to the prior determination to the extent that it granted that branch of the defendants' motion which was to dismiss the fourth cause of action to recover damages for fraud.

Ordered that the order dated April 16, 1987 is modified, on the law, by deleting the provision thereof which adhered to the original determination to the extent that it awarded interest to the plaintiff with respect to the $5,274.33 due and owing from the defendants and substituting therefor a provision vacating the provisions of the order dated December 8, 1986 which awarded interest on that sum; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

We find, contrary to the defendants' contention, that the Supreme Court did not err in granting the plaintiff's cross motion for partial summary judgment on the fifth cause of action, prior to the interposition of an answer. The record reveals that the defendants, during the pendency of their motion for reargument and renewal, did interpose an answer to the amended complaint. Accordingly, the defendants' procedural challenge to the propriety of awarding summary relief must fail.

Nor is there merit to the defendants' substantive challenge to the award of partial summary judgment in the plaintiff's favor since the defendants failed to demonstrate the existence of a material issue of fact as to the amount owed under the fifth cause of action. The defendants' conclusory allegations regarding the existence of setoffs against the amount owed does not compel a contrary result since it is apparent from the record that both parties have, since the beginning of their dispute, agreed that the sum of $5,274.33, which had been deposited into an escrow account, was due and owing to the

plaintiff. Furthermore, the fact that the answer did not contain any counterclaims for the alleged setoffs referred to in the defendants' motion papers undermines their unsubstantiated claim that the setoffs existed.

However, we agree with the defendants' assertion that the plaintiff is not entitled to recover interest on the amount due under the fifth cause of action. The defendants claim, and the plaintiff does not refute, that a common-law tender of the amount claimed under the fifth cause of action was made prior to the commencement of this action. It is the general rule that a lawful bona fide tender of the amount due prevents the accrual of further interest (see, 59 NY Jur, Tender, § 20, at 29; *Lewis Enters. v "Lewis-Marshall Joint Venture"*, 59 Misc 2d 862). Since the plaintiff refused to accept the defendants' tender, it is not now entitled to recover interest on the amount due under the fifth cause of action (see, *Deck v Chautauqua County Patrons' Fire Relief Assn.*, 73 Misc 2d 1048).

The defendants' remaining contention concerning the propriety of the plaintiff's claim for attorneys' fees is without merit. The record reveals that the plaintiff's claim to recover counsel fees was predicated upon the cause of action to recover damages for legal malpractice and that the fees were allegedly incurred in retaining alternate counsel to perform the services for which the defendants were originally retained. Thus, the fees sought in the instant case were not merely an incident of the litigation but, instead, constituted consequential damages which may be recoverable (see, *Hinman, Straub, Pigors & Manning v Broder,* 89 AD2d 278). Accordingly, the Supreme Court did not err in denying the defendants' motion to dismiss this claim.

Finally, we reject the plaintiff's contention that the Supreme Court erred in dismissing the fourth cause of action to recover damages for fraud. It is well settled that a claim for fraud cannot be predicated upon allegations which relate solely to a breach of contract and to promises of future expectations unless the promises were made with the intent not to fulfill them (see, *Tribune Print. Co. v 263 Ninth Ave. Realty,* 57 NY2d 1038; *Channel Master Corp. v Aluminium Ltd. Sales,* 4 NY2d 403; *Gould v Community Health Plan,* 99 AD2d 479). Since the allegations contained in the fourth cause of action pertained to the defendants' alleged failure to fulfill the promise to perform certain legal services on behalf of the plaintiff, a viable cause of action to recover damages for fraud was not set forth and the motion to dismiss it was, therefore,

properly granted. Eiber, J. P., Kooper, Sullivan and Balletta, JJ., concur.