■ FALLSBURG FISHING & BOATING CLUB, INC., Respondent, v PHILIP SPIEGEL, Appellant. [780 NYS2d 437]—

Rose, J. Appeal from an order of the Supreme Court (Clemente, J.), entered July 28, 2003 in Sullivan County, which, inter alia, denied defendant's motion for summary judgment on his counterclaims.

In this action to enforce an easement permitting plaintiff to construct a retaining wall on defendant's property, Supreme Court granted plaintiff a preliminary injunction, required an undertaking of $150,000 and set a deadline for construction of the wall. When plaintiff missed the deadline, defendant moved for summary judgment awarding him the undertaking. Supreme Court denied defendant's motion. Defendant appeals and we affirm.

Supreme Court correctly found that the purpose of the

undertaking here was not to ensure construction of the wall, as defendant asserts, but to compensate him for damages sustained while the litigation was pending. When a preliminary injunction is issued, an undertaking is required to provide a source for payment of "all damages and costs which may be sustained by reason of the injunction" (CPLR 6312 [b]; *see Honeywell, Inc. v Technical Bldg. Servs.*, 103 AD2d 433, 434 [1984]). While the undertaking may provide a basis for liability if it is finally determined that plaintiff was not entitled to an injunction, it does not constitute liquidated damages (*see A & M Exports v Meridien Intl. Bank*, 222 AD2d 378, 380 [1995]). Rather, defendant was required to prove his damages.

The record, however, is devoid of any evidentiary facts in admissible form establishing that defendant sustained damages as a result of either the injunction or plaintiff's failure to construct the wall. While the affidavits of defendant's attorney allege damages due to erosion, destruction of plant life and loss of use of the land, they have no probative value because they are conclusory and do not claim personal knowledge of either the damages or their cause (*see Firth v State of New York*, 306 AD2d 666, 667-668 [2003]; *Bronson v Algonquin Lodge Assn.*, 295 AD2d 681, 682 [2002]). Accordingly, Supreme Court properly denied defendant's motion for summary judgment.

Mercure, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.