■ North Riverside Partners et al., Appellants-Respondents, v David W. Haller et al., Respondents-Appellants. [785 NYS2d 51]—

Order, Supreme Court, New York County (Louis B. York, J.), entered June 19, 2003, which, to the extent appealed and cross-appealed from, granted defendants' motion for summary judgment dismissing the first cause of action, and denied plaintiffs' cross motion insofar as it sought summary judgment on that cause of action, but granted the cross motion insofar as it sought summary judgment upon the third cause of action, finding plaintiffs entitled to recover damages in the amount of $16,112.86 plus interest from July 13, 2000, unanimously modified, on the law, to vacate the award of prejudgment interest on the damages awarded plaintiffs, and otherwise affirmed, without costs.

The governing settlement agreement provided that defendants would be required to accept an offer for the purchase of their apartment if specifically directed to do so by the settlement agreement obligors. Even if we were to accept the interpretation of this provision urged by plaintiffs, pursuant to which defendants could be compelled to accept any offer for the apartment, no matter how low, we would find defendants' acceptance obligation was never triggered with respect to the offer upon which plaintiffs rely since the necessary specific direction that defendants accept that offer was never made by the settlement agreement obligors; the directives upon which plaintiffs rely were instead issued by parties not bound under the settlement agreement.

Defendants' cross appeal challenges only the motion court's determination that the award to plaintiffs on their third cause of action should include prejudgment interest. Inasmuch as plaintiffs rejected defendants' valid and timely tender of the principal amount awarded plaintiffs as damages, the award of prejudgment interest was not warranted (*see Affiliated Credit Adjustors, Inc. v Carlucci & Legum*, 139 AD2d 611, 613 [1988]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Ellerin, Lerner, Friedman and Sweeny, JJ.