UrbanAmerica, L.P. II, Respondent-Appellant/Counterclaim Defendant, v The Carl Williams Group, L.L.C., et al., Defendants/Counterclaim Plaintiffs-Appellants-Respondents. [945 NYS2d 233]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered April 8, 2011, which, insofar as appealed from, awarded plaintiff the total sum of $9,950,178.40 as against the Carl Williams Group, L.L.C. (CWG), dismissed plaintiff's third and fourth causes of action, and dismissed the counterclaims, unanimously affirmed, without costs. Appeals from order, same court and Justice, entered December 13, 2010,

unanimously dismissed, without costs, as subsumed in the appeals from the judgment.

Plaintiff made a prima facie case against CWG on the amended and restated note "by proof of the note and the debtor's failure to make the payments called for therein" (*Cicconi v McGinn, Smith & Co., Inc.*, 35 AD3d 292, 292 [2006]). Plaintiff did not have to prove that the funds that it lent CWG under the original note were actually disbursed to CWG; plaintiff was suing on the amended and restated note, not the original note. Nor did plaintiff have to prove that it had paid 50% of the predevelopment/pursuit costs with anything other than the money it was lending to CWG. We decline to consider defendants' argument, made for the first time in their reply brief, that it would be unconscionable to allow plaintiff to recover 100% of the monies that were lent where 50% of the funds were allegedly used to meet plaintiff's obligations.

The court properly found that plaintiff's damages on its third cause of action (for defendant Carl Williams' breach of a pledge agreement) were too speculative (*see generally Cristallina v Christie, Manson & Woods Intl.*, 117 AD2d 284, 295 [1986] ["damages may not be determined by mere speculation"]). This is not a case where "it is certain that damages have been caused by a breach of the contract, and the only uncertainty is as to their amount" (*Randall-Smith v 43rd St. Estates Corp.*, 17 NY2d 99, 106 [1966] [internal quotation marks omitted]). Mr. Williams' breach of the pledge agreement (his sale of his membership interest in CWG to nonparty Bexley Place Limited Partnership) did not, by itself, injure plaintiff; it was the combination of the sale and Bexley's subsequent bankruptcy that prevented plaintiff from foreclosing on the membership interest.

Plaintiff's contention that it is entitled to recover the amount of its loan to CWG, plus interest, from Mr. Williams as reliance damages for breach of the pledge agreement is unavailing; plaintiff did not lend CWG millions of dollars in preparation for performance of the pledge agreement (*see St. Lawrence Factory Stores v Ogdensburg Bridge & Port Auth.*, 13 NY3d 204, 207-208 [2009]).

Plaintiff's reliance on section 12 of the pledge agreement is also unavailing because there was no sale of the pledged securities by pledgee (i.e., plaintiff) and because "Obligations" are defined as "all indebtedness, liabilities and obligations of *Pledgor*" (emphasis added). The Pledgor is Mr. Williams, but the loan was made to CWG.

Plaintiff is not entitled to all of its attorneys' fees in the

instant litigation pursuant to the attorneys' fees provision of the pledge agreement; the instant action involved many other issues besides Mr. Williams' breach of the pledge agreement, and "a provision for recovery of fees that are incidents of litigation should be construed strictly" (*Gottlieb v Such*, 293 AD2d 267, 268 [2002], *lv denied* 98 NY2d 606 [2002] [internal quotation marks and citation omitted]; *see also Hooper Assoc. v AGS Computers*, 74 NY2d 487, 492 [1989]).

As pleaded, the fourth cause of action (for fraud) was not a fraud-on-creditors claim and did not even hint at the damages that plaintiff now seeks thereunder. Plaintiff did not move at trial to conform its pleadings to the proof. Even if we were to consider the merits of plaintiff's argument, it is far from clear that Debtor and Creditor Law § 276 applies to Mr. Williams' allegedly fraudulent transfer of his membership interest in CWG to Bexley. Mr. Williams is a Maryland resident, CWG is a Maryland company, and Bexley is a Maryland partnership. Plaintiff points to no evidence that the fraudulent transfer occurred in New York. Even if New York law applied, the amount of plaintiff's loan to CWG is not the proper measure of damages for Mr. Williams' fraudulent transfer of his membership interest to Bexley (*see Capital Distribs. Servs., Ltd. v Ducor Express Airlines, Inc.*, 440 F Supp 2d 195, 204 [ED NY 2006]). Finally, Debtor and Creditor Law § 276-a does not entitle plaintiff to recover all of its attorneys' fees in the instant litigation from Mr. Williams; the instant action involved many other issues besides fraudulent conveyance (*see Keen v Keen*, 113 AD2d 964, 966 [1985], *lv dismissed* 67 NY2d 646 [1986]; *see also Posner v S. Paul Posner 1976 Irrevocable Family Trust*, 12 AD3d 177, 179 [2004]).

The court properly dismissed defendants' counterclaims. The letter of intent (LOI) specifically states that it is not binding and that "the legal rights and obligations of the parties shall be only those that are set forth in such definitive transaction documents when and if executed and delivered by all parties"; therefore, it did not create a joint venture (*see e.g. Schneider v Jarmain*, 85 AD3d 581, 582 [2011]; *Aksman v Xiongwei Ju*, 21 AD3d 260, 261-262 [2005], *lv denied* 5 NY3d 715 [2005]). Contrary to defendants' claim, the LOI left important items to be negotiated (*see IDT Corp. v Tyco Group, S.A.R.L.*, 13 NY3d 209, 212-214 [2009]).

Defendants did not prove that the parties' conduct created a joint venture. Even if plaintiff called defendants their "partner," that is not decisive (*see Kyle v Ford*, 184 AD2d 1036, 1037 [1992]).

Defendants' claim that plaintiff admitted in another lawsuit that it was in a joint venture for the Metroview land is unavailing; plaintiff alleged in the other action that it and CWG were in a joint venture for the CSC Building, not the Metroview land.

Since defendants' counterclaim for breach of a joint venture was properly dismissed, their breach of fiduciary duty counterclaims were also properly dismissed (*see Langer v Dadabhoy*, 44 AD3d 425, 426 [2007], *lv denied* 10 NY3d 712 [2008]).

Defendants' contention that plaintiff breached the duty of good faith and fair dealing by bringing nonparty Doracon Development, LLC into the deal during a period when CWG and plaintiff were supposed to be negotiating exclusively with each other is unavailing. Plaintiff agreed not to "solicit or engage in discussions or negotiations with third parties for developer or owner participation in the development of the Project or the acquisition of the Office Building *without mutual written consent*" (emphasis added). The requirement of written consent can be waived by the parties' conduct (*see Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.*, 7 NY3d 96, 104-105 [2006]), and the trial court found that it was so waived.

We have considered defendants' remaining arguments and find them unavailing. Concur—Saxe, J.P., Sweeny, Acosta, Freedman and Román, JJ.