■ DAVID N. HOFFMAN, Appellant, v WYCKOFF HEIGHTS MEDICAL CENTER, Respondent. [11 NYS3d 154]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered February 19, 2014, which, insofar as appealed from, denied plaintiff's motion for partial summary judgment, unanimously affirmed, without costs.

Pursuant to his employment agreement with defendant as its general counsel and vice president for ethics and compliance, plaintiff could be terminated "with cause," if he engaged in certain specifically defined conduct, including dishonesty, or "without cause," in which event defendant would provide him with 90 days' notice and a severance payment. It is uncontested that plaintiff was not afforded 90 days' notice. He contends that he was not terminated "with cause," and is therefore entitled to severance under the terms of the contract.

Plaintiff failed "to demonstrate the absence of genuine issues of material fact on every relevant issue raised by the pleadings, including any affirmative defenses" and counterclaims (*Aimatop Rest. v Liberty Mut. Fire Ins. Co.*, 74 AD2d 516, 517 [1st Dept 1980]). In its responsive pleadings, defendant alleged that plaintiff, inter alia, breached his fiduciary duty and was a faithless servant. Plaintiff's submissions failed to eliminate issues of fact raised by defendant's allegations concerning the circumstances under which his most recent contract was entered, and whether, given these circumstances, he breached any duty owed to defendant.

Even assuming, arguendo, that plaintiff satisfied his initial burden, defendant raised issues of fact as to "cause" for his termination by submitting evidence to suggest that plaintiff

was dishonest in failing to inform it about an occurrence rendering him incapable of continuing to serve as general counsel.

Plaintiff's motion was also premature (CPLR 3212 [f]). Defendant demonstrated that discovery was necessary because proof of whether plaintiff engaged in misconduct constituting cause for termination resided exclusively within his knowledge, including, for example, why he withheld information about being the target of an investigation by the Kings County District Attorney's Office. Concur—Mazzarelli, J.P., Sweeny, Andrias, Saxe and Richter, JJ.