■ SUFFOLK ANESTHESIOLOGY ASSOCIATES, P.C., et al., Appellants-Respondents, et al., Plaintiff, v MATTHEW J. VER-DONE, Respondent-Appellant. (Action No. 1.) MATTHEW J. VER-DONE, Respondent-Appellant, v SUFFOLK ANESTHESIOLOGY AS-SOCIATES, P.C., et al., Appellants-Respondents. (Action No. 2.) [22 NYS3d 511]—

In two related actions, inter alia, to recover damages for breach of contract and breach of fiduciary duty, (a) Suffolk Anesthesiology Associates, P.C., Anthony Bonanno, Salvatore Buffa, Steven Cohen, Robert Fondacaro, Vineet Gambhir, Benjamin Kirschenbaum, Andrew Makrides, Elliot Rossein, James Suazo, Lance Turner, Office-Based Anesthesia, PLLC, and United Anesthesia, P.C., appeal, as limited by their brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Pines, J.), dated October 9, 2012, which, upon a decision dated April 25, 2012, made after a nonjury trial, inter alia, determined that they are not entitled to liquidated damages pursuant to an employment agreement, awarded Matthew J. Verdone damages in the principal sum of $1,714,826.83 for deferred compensation payable under the employment agreement, damages in the principal sum of $98,400 for unpaid shareholder distributions from Suffolk Anesthesiology Associates, P.C., for the year 2008, damages in the principal sum of $116,160 for retained earnings, and compensation for his investment in a related venture known as SurgiCar Ambula-

tory Center, Inc., with prejudgment interest, and denied their application for certain costs, (b) Philip Kurlander separately appeals, as limited by his brief, from so much of the judgment as awarded Matthew J. Verdone prejudgment interest, and (c) Matthew J. Verdone cross-appeals, as limited by his brief, from so much of the judgment as determined that Suffolk Anesthesiology Associates, P.C., properly terminated his employment "with cause" as of December 15, 2008, and dismissed his cause of action to recover damages allegedly incurred as a result of a preliminary injunction.

Ordered that the judgment is modified, on the law, by reducing the damages awarded to Matthew J. Verdone for unpaid shareholder distributions from Suffolk Anesthesiology Associates, P.C., for the year 2008 from the principal sum of $98,400 to the principal sum of $30,521; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Suffolk Anesthesiology Associates, P.C. (hereinafter SAA), two related entities, and their shareholders commenced action No. 1 against Matthew J. Verdone, formerly a shareholder and employee of SAA and the related entities, inter alia, to recover damages for breach of fiduciary duty, breach of contract, and tortious interference with contract. Verdone commenced action No. 2 against SAA, the related entities, and their shareholders, inter alia, to recover damages for breach of contract, breach of fiduciary duty, and unjust enrichment. The relationship between SAA and Verdone was governed by an employment agreement and a shareholders' agreement. The shareholders' agreement provided that if an employee-shareholder engaged in willful misconduct that had a "material adverse effect" upon SAA, that employee was subject to termination "with cause," upon a vote of two-thirds of the other shareholders. The shareholders' agreement further provided that an employee who is terminated "with cause" would be required to surrender his or her shares for par value.

On December 15, 2008, Verdone's employment was terminated by a vote of the shareholders, both "with cause" and "without cause." The termination "with cause" was based on his actions in connection with the acquisition by the SAA shareholders of SurgiCare Ambulatory Center, Inc. (hereinafter Surgicare). The record shows, inter alia, that Verdone intentionally engaged in misconduct that was materially adverse to the interests of SAA and its shareholders in connection with that transaction. Accordingly, the Supreme Court did not err in determining that the termination "with cause" was proper (*see*

*Matter of Hanchard v Facilities Dev. Corp.*, 85 NY2d 638, 644 [1995]; *Hoffman v Wyckoff Hgts. Med. Ctr.*, 129 AD3d 526 [2015]). However, the plaintiffs in action No. 1 failed to establish that Verdone breached the restrictive covenants in those agreements.

Verdone failed to establish that he is entitled to damages or other relief in connection with a preliminary injunction issued by the Supreme Court during the pendency of action No. 1 (*see Fallsburg Fishing & Boating Club, Inc. v Spiegel*, 9 AD3d 765, 766 [2004]). However, the Supreme Court did not err in ordering the payment of prejudgment interest on an award to Verdone for his share of his investment in Surgicare (*see* CPLR 5001 [a], [b]). Contrary to the contention of the plaintiffs in action No. 1, the record does not show that those parties made an unconditional tender equivalent to the damages due Verdone prior to the date of judgment (*cf. North Riverside Partners v Haller*, 12 AD3d 248 [2004]; *Affiliated Credit Adjustors v Carlucci & Legum*, 139 AD2d 611, 613 [1988]).

We modify the judgment to correct a computational error with respect to the damages awarded to Verdone for unpaid shareholder distributions from SAA for the year 2008.

The parties' remaining contentions are without merit. Dillon, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.