Related Cos., L.P. v Tesla Wall Sys., LLC (2018 NY Slip Op 02122)





Related Cos., L.P. v Tesla Wall Sys., LLC


2018 NY Slip Op 02122


Decided on March 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2018

Renwick, J.P., Manzanet-Daniels, Andrias, Kapnick, Moulton, JJ.


5643 650778/15

[*1]The Related Companies, L.P., Plaintiff-Respondent,
v
Tesla Wall Systems, LLC, Defendant-Appellant.


Eversheds Sutherland (US) LLP, New York (Lawrence A. Dany, III of counsel), for appellant.
Boies Schiller Flexner LLP, New York (Nicholas A. Gravante, Jr. and Demetri Blaisdell of counsel), for respondent.



Judgment, Supreme Court, New York County (Barry R. Ostrager, J.), entered June 21, 2017, against defendant in plaintiff's favor in the amount of $15,356,464.60, subject to offsets, unanimously reversed, on the law, without costs, the judgment vacated, and plaintiff's motion for summary judgment as to the first cause of action denied.
On November 28, 2012, plaintiff, the Related Companies, L.P., and Skye Holdings, Ltd., initialed a "Tentative Term Sheet" outlining the ownership and operation of defendant, Tesla Wall Systems, LLC, which was to provide curtain and window wall systems for real estate projects being developed by affiliates of Related. The term sheet, which the parties agree governs the joint venture, provides in relevant part:
"2. Available Cash Distributions - Waterfall:
"First, payment of taxes;
"Next, repayment of all project cash advances/member loans with accrued interest &commat; 9% per annum;
"Next, 60% to Related until existing loan (approx. $6.08mm) together with accrued interest thereon; 40% to Skye [a holding company formed by Tesla's principal];
Next, 25% to Related and 75% to Skye."
"Available Cash" is not defined. Tesla contends that it refers to any after-tax profits available to the company after the payment of all costs and expenses. Related contends that "available cash" includes any money that Tesla has or is able to obtain, irrespective of whether Tesla operates at a profit or loss.
Related, by its wholly owned subsidiary MBM Supply, advanced $17,371,060.73 to Tesla to fund its operations in connection with certain Related projects. The sum of $6,617,744.69 was recovered, leaving a balance of $10,753,316.04. After unsuccessful wind-down negotiations, during which a draft close-out agreement was exchanged but not signed, Tesla ceased active business operations, leading to numerous lawsuits in state and federal court.
In this action, Related seeks to recover the unpaid cash advances of $10,753,316.04, which it characterizes as unconditional loans, plus interest at 9% per annum. Tesla denies liability, asserting that the advances are not unconditional loans and that it does not possess any "available cash," a condition precedent to repayment of the advances under the term sheet. Tesla also asserts affirmative defenses, including waiver, estoppel, and unclean hands, and that Related breached its fiduciary duty and legal obligations to Tesla and engaged in fraudulent conduct.
Tesla currently does not have the cash on hand needed to repay the advances. However, it may receive certain funds in the future. This includes value added tax (VAT) refunds and the proceeds of a federal court litigation against its former president, Michael Budd, in which it has obtained a liability verdict and awaits a retrial on damages. The Budd action, as well as Tesla's affirmatives defenses herein, are based, in part, on allegations that Budd, while employed by Tesla, "secretly met with Related to propose the formation of a competing curtain wall company," "secretly secured millions of dollars in projects from Related that Tesla also pursued," and "secretly hired Tesla's employees to work for either Related or the competing venture." Related is also challenging "fraudulent transfers" by Tesla in another action, and contends that, if successful, that too may result in "available cash."
Both parties moved for summary judgment. In an order entered April 17, 2017, the motion court, stating that "[i]t is undisputed both that defendant presently has no funds to repay Related and that defendant has the potential to received certain funds that could possibly result in some recovery by Related," determined that "the only relief Related is entitled to receive is a determination that if, as, and when Tesla recovers any sums in excess of the offsets established at trial, those sums will be paid to Related . . . in accordance with the terms of the contract." Accordingly, the court granted Related's motion with respect to the first cause of action for breach of contract to the extent of determining "that if Tesla recovers funds that exceed the offsets for which provision is made in the contract between the parties, Related is entitled to its rights under the contract." Tesla's cross motion for summary judgment dismissing the breach of contract claim was denied.
Subsequently, on June 21, 2017, the court entered judgment in Related's favor, pursuant to the parties' stipulation, in the amount of $15,356,464.60, subject to the prior payment by Tesla of offsets of not less than $2,353,323.47 in unpaid legal fees and costs, as well as other liabilities related to legal fees in amounts to be determined. The court stayed the judgment until further order, and the parties preserved the right to appeal from the judgment, which brings up for review the order granting Related summary judgment on its breach of contract claim and denying Tesla's motion to dismiss that claim.
Although the motion court correctly determined that "[p]assing funds through the waterfall is the only condition precedent to the repayment of the loan," it erred in granting summary judgment to Related on its breach of contract claim. A condition precedent is "an act or event, other than a lapse of time, which, unless the condition is excused, must occur before a duty to perform a promise in the agreement arises" (Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co., 86 NY2d 685, 690 [1995] [internal quotation marks omitted]). The term sheet does not contain an unconditional promise by Tesla to repay the cash advances, distinguishing the transactions from the typical loan arrangement, which involves an unconditional promise to repay the amount advanced. Rather, pursuant to the waterfall provision, Tesla was to repay the cash advances from cash that was available for distribution after the payment of taxes. Related failed to establish that this condition precedent was satisfied, and its motion for summary judgment should have therefore been denied once the court determined that Tesla presently had no "available cash" to repay Related (see MHR Capital Partners LP v Presstek, Inc., 12 NY3d 640, 645—646 [2009]).
Furthermore, insofar as Related argues that it is appropriate for it to seek immediate repayment of the cash advances because Tesla repudiated the contract, an issue of fact exists as to whether Tesla "frustrated or prevented the occurrence of the condition" by refusing to use VAT refunds to repay the advances or by stating that it would not repay the balance due to Related in the future (see ADC Orange, Inc. v Coyote Acres, Inc., 7 NY3d 484, 490 [2006] [internal quotation marks omitted]). This issue also precludes the grant of summary judgment to Tesla dismissing Related's breach of contract claim.
Related's reliance on cases in which courts have held that financial difficulties do not excuse the performance of contractual duties is misplaced, because the term sheet made "available cash" a condition precedent to repayment (see Stasyszyn v Sutton E. Assoc., 161 AD2d 269, 271 [1st Dept 1990] [economic distress does not excuse compliance "absent an express contingency clause in the agreement allowing a party to escape performance under certain [*2]specified circumstances"]). In any event, summary judgment in Related's favor must be denied because Related failed to meet its burden "to demonstrate the absence of genuine issues of material fact on every relevant issue raised by the pleadings, including any affirmative defenses" (Hoffman v Wyckoff Hgts. Med. Ctr., 129 AD3d 526, 526 [1st Dept 2015]).
We have considered defendant's other arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 27, 2018
CLERK