**Tender Touch Health Care Servs. Inc. v Tnuzeg LLC**

2024 NY Slip Op 30913(U)

March 19, 2024

Supreme Court, New York County

Docket Number: Index No. 653544/2021

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 03M

-------------------------------------------------------------------------------X

TENDER TOUCH HEALTH CARE SERVICES INC.,
TENDER TOUCH REHAB SERVICES LLC,

                                            Petitioners,

                                          - v -

TNUZEG LLC, 300 BROADWAY HEALTHCARE LLC,
VISTACARE, LLC,

                                         Respondents.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 653544/2021 |
| **MOTION DATE** | 12/21/2023 |
| **MOTION SEQ. NO.** | 004 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 004) 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134

were read on this motion for             ATTORNEY'S FEES and LEAVE TO REARGUE/RENEW    .

      Petitioners Tender Touch Health Care Services, Inc.'s and Tender Touch Rehab Services LLC's ("Tender Touch") motion for attorneys' fees and costs against Respondent Vistacare LLC ("Vistacare") is **granted** in the amount of $185,000. Vistacare's cross-motion for leave to reargue and leave to renew the Court's November 30, 2023, order (NYSCEF 114) is **denied**.

## A. Background

      In 2021, the Court confirmed a Beth Din (rabbinical court) Judgment (the "Award") in favor of Tender Touch and against Respondents Tnuzeg LLC ("Tnuzeg") and 30 Broadway Healthcare LLC ("30 Broadway"), and ordered further proceedings to determine whether Award is binding upon Vistacare (*Tender Touch Health Care Services Inc. v Tnuzeg LLC*, 2021 N.Y. Slip Op. 32555[U], [N.Y. Sup Ct, New York County 2021], *affd, appeal dismissed,* 211 A.D.3d 447 [1st Dept 2022]). On March 30, 2022, the Court entered judgment against Tnuzeg and 30

653544/2021 TENDER TOUCH HEALTH CARE vs. TNUZEG LLC
Motion No. 004

Page 1 of 5

Broadway, and severed the remaining claim seeking to impose liability against Vistacare pursuant to CPLR 5225(b) (NYSCEF 70).

On November 30, 2023, the Court issued a decision and order finding that Vistacare was the recipient of an intentional fraudulent transfer from Respondents Tnuzeg and 30 Broadway under former Section 276 of the Debtor and Creditor Law (*Tender Touch Health Care Services Inc. v Tnuzeg LLC*, 2023 N.Y. Slip Op. 34289[U] [N.Y. Sup Ct, New York County 2023]). Tender Touch subsequently filed this application for attorneys' fees and Vistacare cross-moved for leave to reargue and renew the Court's November 30, 2023, order.

### B. Discussion

#### a. Tender Touch's Application for Attorney's Fees is Granted

Former Section 276-a of the Debtor and Creditor Law, which is applicable here, provides that the Court "shall fix the reasonable attorney's fees of the creditor. . ." in the case of an intentional fraudulent transfer. In order to demonstrate an entitlement to relief, the movant need only demonstrate that "the conveyance was done with the actual intent to hinder, delay or defraud" (*Posner v S. Paul Posner 1976 Irrevocable Family Tr.*, 12 AD3d 177, 179 [1st Dept 2004]). As determined in the November 30, 2023, order, Tender Touch has established liability against Vistacare under former Section 276 and is entitled to a fee award under Section 276-a (*Goldenberg v Friedman*, 191 AD3d 641 [2d Dept 2021]).

Vistacare's argument that CPLR 5225(b) does not provide for the award of a money judgment is rejected as the statute permits for the recovery of "money or other personal property." CPLR 5225(b) may be utilized against fraudulent transferees, including alter egos and successors, like Vistacare, without the need to commence a plenary action (*Mitchell v Lyons Professional Services, Inc.*, 727 F Supp 2d 120, 123 [EDNY 2010] *citing WBP Cent. Assocs.,*

**653544/2021   TENDER TOUCH HEALTH CARE vs. TNUZEG LLC**
**Motion No.  004**

**Page 2 of 5**

2 of 5

[* 2]

*LLC v. DeCola,* 50 A.D.3d 693 [2d Dept 2008]; *Rockefeller v Statement Services, Corp.*, 204 AD3d 920, 921 [2d Dept 2022]).

Vistacare's argument that Jewish law prohibits the charging of interest is also rejected. The arbitration agreement provides that "[t]he parties submit themselves to the personal jurisdiction of the courts of the State of New York and/or in any court of competent jurisdiction for any action or proceeding to confirm or enforce a decree of the arbitrators pursuant to Article 75 of the New York Civil Practice Law and Rules" (NYSCEF 3). Had the parties wanted to eliminate interest, they could have done so in their agreement. The Award has been confirmed and this is now a fraudulent transfer proceeding under New York law in connection with enforcing this Court's judgment.

Under Section 276-a, "[i]n awarding attorneys' fees, the Court must take into consideration proof of billing and the quantum meruit value of the services rendered by counsel" (*J.H. Capital LLC v Skyllas*, 66 Misc 3d 1217(A) [Sup Ct New York County 2019] *citing Bankers Fed. Sav. Bank FSB v. Off W. Broadway Devs.*, 224 AD2d 376, 378 [1st Dept 1996]). "Among the factors to be considered when setting appropriate attorneys' fees are: the 'time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented; the lawyer's experience, ability and reputation; the amount involved and benefit resulting to the client from the services'" (*id. quoting In re Freeman's Estate*, 34 NY2d 1, 9 [1974]).

With respect to the amount of legal fees sought, Vistacare does not dispute any particular charges and instead broadly argues that no fees are warranted. In the fraudulent conveyance context, the Court need not segregate out the fees incurred in litigating "inextricably intertwined" claims (*Posner,* 12 AD3d at 179). On the other hand, fees may not be recovered for issues that

**653544/2021  TENDER TOUCH HEALTH CARE vs. TNUZEG LLC**
**Motion No.  004**

**Page 3 of 5**

3 of 5

[* 3]

are entirely separate (*UrbanAmerica, L.P. II v Carl Williams Group, L.L.C.*, 95 AD3d 642, 644 [1st Dept 2012]).

The Court has reviewed Tender Touch counsel's time entries and most recent invoice (NYSCEF 124 and 134) seeking a total of $207,406.08. The Court finds that a substantial portion of this proceeding concerned the fraudulent transfer issue and Vistacare's liability. Accordingly, attorneys' fees and disbursements are awarded in the amount of one hundred and eighty-five thousand dollars ($185,000), which is approximately 90% of the amount sought. This award shall be docketed as a judgment by the Clerk at Tender Touch's request (CPLR 2222).

### C. Vistacare's Motion for Leave to Reargue and Leave to Renew is Denied

Under CPLR 2221(d), "[a] motion for leave to reargue, addressed to the sound discretion of the court, may be granted upon a showing that the court overlooked or misapprehended the relevant facts or misapplied any controlling principle of law" (*Cortlandt St. Recovery Corp. v Bonderman*, 75 Misc 3d 469, 475 [Sup Ct, NY County 2022] [collecting cases]. "A motion for leave to renew. . .shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e] [3]) (*Luna v Port Auth. of New York and New Jersey*, 21 AD3d 324, 325 [1st Dept 2005]).

Vistacare has not established that the Court overlooked or misapprehended any facts or misapplied the law. Vistacare has not advanced any new facts and, even if it had, Vistacare has not established a reasonable justification for failing to complete discovery and submit briefing as directed by the Court in connection with Petitioner's fraudulent transfer claim (NYSCEF 116 [Tr. 8-11]).

**653544/2021   TENDER TOUCH HEALTH CARE vs. TNUZEG LLC**
**Motion No. 004**

**Page 4 of 5**

Accordingly, it is

**ORDERED** that Petitioners Tender Touch Health Care Services, Inc.'s and Tender Touch Rehab Services LLC's motion for attorneys' fees and costs as well as for the entry of a judgment against Respondent Vistacare LLC is **GRANTED IN PART** insofar as Tender Touch is awarded one hundred eighty-five thousand dollars ($185,000) in attorney's fees from Vistacare; it is further

**ORDERED** that, upon a request by Petitioners, that the Clerk of Court docket this order as a judgment pursuant to CPLR 2222; it is further

**ORDERED** that Vistacare's cross-motion for leave to reargue and leave to renew is **DENIED**.

This constitutes the decision and order of the Court.

20240319163913JMC0HEND890BC5509954B3792ABF9274B8F626C

| 3/19/2024 | | |
| --- | --- | --- |
| **DATE** | | **JOEL M. COHEN, J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- | --- |
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

653544/2021   TENDER TOUCH HEALTH CARE vs. TNUZEG LLC
Motion No.  004

Page 5 of 5