Gertler v Davidoff Hutcher & Citron, LLP (2024 NY Slip Op 06328)

Gertler v Davidoff Hutcher & Citron, LLP

2024 NY Slip Op 06328

Decided on December 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2022-05170
 (Index No. 605315/14)

[*1]Richard G. Gertler, respondent, 
v
Davidoff Hutcher & Citron, LLP, appellant.

Davidoff Hutcher & Citron, LLP, New York, NY (Benjamin Noren, Larry Hutcher, Sean Flanagan, and Joshua Krakowsky of counsel), appellant pro se.
The Law Offices of Harold J. Levy, P.C., Garden City, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Nassau County (Helen Voutsinas, J.), entered May 27, 2022. The judgment, insofar as appealed from, awarded the plaintiff attorneys' fees in the sum of $163,430, with interest from August 26, 2020, and prejudgment interest in the sum of $17.70 per day accrued after September 22, 2020, on an award for unpaid wages and severance wages.
ORDERED that the judgment is modified, on the law, by deleting the provision thereof awarding prejudgment interest in the sum of $17.70 per day accrued after September 22, 2020, on the award for unpaid wages and severance wages; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a calculation of the interest in accordance herewith and the entry of an appropriate amended judgment.
The plaintiff commenced this action against the defendant, Davidoff Hutcher & Citron, LLP, his former employer, alleging breach of contract and violations of Labor Law §§ 190 through 198, concerning the payment of salary and severance pay in connection with a written employment agreement dated November 14, 2013.
In a decision and order dated August 26, 2020, this Court determined, among other things, that the plaintiff was entitled to recover the sum of $27,604.18 in unpaid wages for the period from May 1 through July 15, 2014, plus prejudgment interest on those unpaid wages as of the date that each payment became due, and the sum of $44,166.67 in unpaid severance wages, plus interest on that sum from October 3, 2014 (see Gertler v Davidoff Hutcher & Citron LLP, 186 AD3d 801, 808-809). This Court further determined that the plaintiff was entitled to an award of reasonable attorneys' fees under Labor Law § 198(1-a) (see Gertler v Davidoff Hutcher & Citron LLP, 186 AD3d at 809). This Court remitted the matter to the Supreme Court, Nassau County, for further proceedings to determine the amount of the award of prejudgment interest and reasonable attorneys' fees (see id.).
Thereafter, the parties unsuccessfully attempted to settle the issue of attorneys' fees. On September 22, 2020, the defendant made an unconditional tender in the sum of $111,008.74 to the plaintiff, representing the amount due to the plaintiff for unpaid wages and severance wages, plus interest, pursuant to this Court's decision and order dated August 26, 2020. The plaintiff rejected [*2]the tender.
The parties jointly requested that the trial on the issue of attorneys' fees be heard on submission. The Supreme Court, inter alia, awarded the plaintiff attorneys' fees in the sum of $163,430, with interest from August 26, 2020, and prejudgment interest in the sum of $17.70 per day after September 22, 2020, on the award for unpaid wages and severance wages. The defendant appeals.
"The amount to be awarded as a reasonable attorney's fee is within the sound discretion of the Supreme Court based upon such factors as the time and labor required, the difficulty of the issues involved, the skill required to handle the matter, and the effectiveness of the legal work performed" (Man Choi Chiu v Chiu, 67 AD3d 975, 976). "The attorney bears the burden of establishing the reasonable value of the services rendered, based upon a showing of the hours reasonably expended and the prevailing hourly rate for similar legal work in the community" (Lancer Indem. Co. v JKH Realty Group, LLC, 127 AD3d 1035, 1036). Here, the Supreme Court providently exercised its discretion in determining the award of reasonable attorneys' fees. Contrary to the defendant's contention, the affirmation of the plaintiff's counsel and the materials accompanying it were sufficient to establish the reasonableness of the fees (see Matter of 1 Toms Point Lane Corp. v New York State Div. of Human Rights, 176 AD3d 930, 933; Klein v Robert's Am. Gourmet Food, Inc., 28 AD3d 63, 75; Matter of Karp [Cooper], 145 AD2d 208; cf. Matter of Phelan, 173 AD2d 621). Moreover, to the extent that the court considered the information contained in the plaintiff's counsel's reply affirmation in making its determination, it was not improper for the court to do so, as the reply affirmation responded to the arguments raised by the defendant in opposition to the plaintiff's application (see Yee v Panousopoulos, 176 AD3d 1142, 1144-1145).
Moreover, contrary to the defendant's contention, the award of attorneys' fees properly included fees incurred in substantiating the fee claim itself, so-called "fees on fees" (see generally Lancer Indem. Co. v JKH Realty Group, LLC, 127 AD3d at 1036). "[A]n award of attorneys' fees for the costs incurred in prosecuting a claim for an award of attorneys' fees, so called 'fees on fees,' must be based upon a specific contractual provision or statute" (Matter of Lillian G. [Steven G.—Gary G.], 208 AD3d 871, 875; see IG Second Generation Partners, L.P. v Kaygreen Realty Co., 114 AD3d 641, 643).
Labor Law § 198(1-a) provides, in pertinent part, that "[i]n any action instituted in the courts upon a wage claim . . . in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees, prejudgment interest as required under the [CPLR], and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages" (emphasis added). The Supreme Court properly determined that this broadly worded statute, in permitting the recovery of "all" reasonable fees, allows for the recovery of fees on fees. Moreover, since article 6 of the Labor Law is intended to "'redress[ ] the power imbalance between employer and employee'" (Chu Chung v New Silver Palace Rest., Inc., 272 F Supp 2d 314, 317 [SD NY], quoting Saunders v Big Brothers, 115 Misc 2d 845, 848 [Civ Ct, NY County]), permitting a prevailing employee to recover fees on fees is consistent with the purpose of the statute (see Matter of Fresh Meadows Med. Assoc. [Liberty Mut. Ins. Co.], 49 NY2d 93, 98-99; Posner v S. Paul Posner 1976 Irrevocable Family Trust, 12 AD3d 177, 179; David Z. Inc. v Timur on Fifth Ave., 7 AD3d 257, 258).
Furthermore, contrary to the defendant's contention, the Supreme Court did not improperly award the plaintiff attorneys' fees for services unrelated to the Labor Law causes of action. As the court properly determined, the plaintiff's successful prosecution of the Labor Law causes of action for unpaid wages and severance wages was inextricably intertwined with the plaintiff's successful prosecution of the breach of contract cause of action and the successful defense against the defendant's counterclaims (see UrbanAmerica, L.P. II v Carl Williams Group, L.L.C., 95 AD3d 642, 644; Posner v S. Paul Posner 1976 Irrevocable Family Trust, 12 AD3d at 179; cf. P & L Group v Garfinkel, 150 AD2d 663, 664).
CPLR 5002 provides that "[i]nterest shall be recovered upon the total sum awarded, including interest to verdict, report or decision, in any action, from the date the verdict was rendered [*3]or the report or decision was made to the date of entry of final judgment." Nevertheless, "[i]t is the general rule that a lawful bona fide tender of the amount due prevents the accrual of further interest" (Affiliated Credit Adjustors v Carlucci & Legum, 139 AD2d 611, 613; see Kachkovskiy v Khlebopros, 164 AD3d 568, 572-573). Here, the record supports the defendant's contention that on September 22, 2020, the defendant made an unconditional tender of the full amount due to the plaintiff for unpaid wages and severance wages, plus interest, pursuant to this Court's decision and order dated August 26, 2020. Accordingly, notwithstanding the fact that the issue of attorneys' fees remained unresolved at the time of the defendant's tender, the accrual of interest on the plaintiff's award of unpaid wages and severance wages should have terminated on September 22, 2020 (see Kachkovskiy v Khlebopros, 164 AD3d at 572-573; North Riverside Partners v Haller, 12 AD3d 248, 249; Affiliated Credit Adjustors v Carlucci & Legum, 139 AD2d at 613). We modify the judgment accordingly and remit the matter to the Supreme Court, Nassau County, for a calculation of the amount of interest to be awarded and the entry of an appropriate amended judgment.
DILLON, J.P., CHAMBERS, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court